THE PEOPLE, for the use of Michael Stenger,

*v.*

EDWARD R. ALLEN.

1. ADMINISTRATOR'S BOND — *liability of surety.* Where an administrator of an estate dies, and his surety on his bond succeeds him, and he is sued as such surety on the bond, he will be liable only for the acts of the deceased administrator, and not for moneys that came into his hands as such successor.

2. FORMER RECOVERY — *when and how far a bar.* Where an administrator of an estate collected money from various persons for brick sold by his intestate, and delivered the same to his surety to hold the same, and a party having a chattel mortgage on the brick sued such custodian for money had and received to his use, claiming $1,000, but recovered only $517, this will be no bar to an action by the same creditor upon the administrator's bond for not accounting for the balance of such money as assets of the estate. As to the sum recovered in the former action, it seems it is a bar to a further recovery, but not as to any surplus received by the administrator.

APPEAL from the City Court of Aurora; the Hon. FRANK M. ANNIS, Judge, presiding.

Mr. B. F. PARKS, for the appellant.

Mr. M. O. SOUTHWORTH and Mr. CHARLES WHEATON, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action brought in the name of the people, for the use of Michael Stenger, against Edward R. Allen, on an administrator's bond which Allen had executed as the surety of Otto Groch, who was appointed administrator of the estate of his father, Robert Groch, deceased. Upon a trial in the City Court of Aurora, before a jury, the issues were found in favor of the defendant, and the plaintiff in the action has taken this appeal.

After the death of Otto Groch, the administrator, the security on the bond, Edward R. Allen, succeeded to the administration of the estate, and as such certain moneys belonging to the estate of Robert Groch came into his hands. Appellant, in his argument, claims this as a portion of the money he is entitled to recover in this action. In this, however, he is in error. It will be observed that this suit is brought upon the bond executed by the administrator, Otto Groch, and can only call in question his acts and doings as such. If Allen, as administrator, fails to discharge any duty enjoined upon him by law, the proper time to call in question his acts as such will be when he and his surety

shall have been sued on his official bond for neglect of duty.
It will not, therefore, be necessary to give any considera-
tion whatever to the funds that Allen has received as admin-
istrator, as his official acts are not involved in this litigation.

The ground of action, as averred in the declaration, is, in
substance, that a large amount of property and money came
into the hands of Otto Groch while he was administrator,
and belonging to the estate of Robert Groch, which he
neglected and failed to account for.   Under the averments
of the declaration and the pleas filed in answer thereto, it
was a plain question of fact, whether the administrator had
received more money than he had paid out; and as it was
a question of fact, purely, for the consideration of the jury,
had the law involved in the case been properly given to the
jury, we would not regard it as a duty to disturb the finding.
We shall not, therefore, enter upon a discussion of the ad-
ministrator's account, but leave that to be passed upon by
another jury, as the judgment will have to be reversed on
the ground that the law was not properly given to the jury
in the instructions of the court.   A brief reference to the
facts, however, will be necessary in order to a proper un-
derstanding of the decision of the court in giving and re-
fusing instructions.

It appears from the evidence contained in the record that
when Robert Groch died he was indebted to Michael Stenger
in a large amount, which indebtedness was secured by a
mortgage on real estate, and also a chattel mortgage on
1,000,000 of brick then in possession of Robert Groch.   A
portion of the brick was sold to different persons, and the
money arising from the sale was collected by the adminis-
trator, which he paid over to Allen.   When Allen received
this money he knew it was the proceeds of a part of the
brick upon which Stenger, appellant, held the mortgage.
Subsequently Stenger sued Allen for this money, claiming
that it did not belong to the estate, but to him by virtue of
the lien of the chattel mortgage on the brick from which
the money was realized.   The amount for which the action

was brought was about $1,000, and it had been collected by the administrator, in small sums, from various persons who had each bought a small quantity of the brick. In the action Stenger recovered a judgment for $517. The bill of particulars filed with appellant's declaration in this case, wherein he charged the administrator with having received certain moneys belonging to the estate, with which he should be charged, appeared to contain some of the same items that were embraced in his account against Allen in the action brought against him.

Upon this state of facts appellant asked the following instruction :

" 6. If the jury believe, from the evidence, that Otto Groch received, as belonging to the estate of Robert Groch, twelve hundred dollars, more or less, and in a suit between Michael Stenger and E. R. Allen, who was custodian of the funds for Otto Groch, it was decided that five hundred dollars of said fund, only, belonged to Stenger, and he was only required to pay five hundred dollars of it, then what remained over and above the five hundred dollars belongs to the estate, and must be accounted for in due course of administration. Otto Groch could not protect it because Stenger did not recover the whole of it. It belonged either to Stenger or the estate of Robert Groch, and it must be accountable for all that was recovered, as belonging to the estate ; and if he had to pay Stenger five hundred dollars of the fund, then he would be allowed to have a deduction for that amount, and no more."

Which the court refused, and at the instance of appellee, gave an instruction as follows :

" 8. The jury are instructed that all accounts introduced in evidence by Stenger in the other case of Stenger against Allen, and submitted to the jury in that case, can not be brought in again in this case and litigated over again, but such other litigation is a bar to such accounts, no matter whether Stenger recovered all he claimed in such other suit or not, unless the proof in this case should show that cer-

170 THE PEOPLE, USE, ETC. *v.* ALLEN. [Sept. T.

Opinion of the Court.

tain of these claims could not be brought into the other case in any event, and that the jury rejected them on that account; but the evidence of Stenger in this case, as to what jurymen told him about rejecting claims, is no evidence in this case that they were so rejected."

. It is apparent that any and all items which Stenger recovered in the action against Allen could not be recovered in this action. Stenger, in his action against Allen, based his right of recovery on the ground that the lien he acquired by the chattel mortgage followed and attached to the money derived from a sale of the mortgaged property. If that be true, the money he recovered did not become the property of the estate; but because he brought his action for and claimed $1,000, but on the trial only established a right or title to one-half that amount, it by no means follows that the administrator could appropriate the other half of the money which he had received as assets of the estate, to his own use, and not be required to account for the same as assets of the estate.

The action brought by Stenger against Allen was not a bar to this action on the bond of the administrator. The former was brought to recover money had and received to and for the use of the plaintiff in the action, while the latter is upon the bond of the administrator, to hold the surety liable, according to the conditions of the bond, for assets not accounted for. The two actions are not between the same parties, nor to recover the same thing, and we perceive no ground for holding that the one action would be a bar to the other. From the evidence it was a question for the jury to say what items in the account had been recovered in the former action as money belonging to Stenger, and if anything remained which had been collected as assets of the estate, then the administrator or the surety on the bond would be held responsible for the amount, whatever it might be. The court, therefore, erred in refusing appellant's sixth instruction and in giving the eighth instruction for appellee.

There were other instructions refused for appellant, and some given for appellee where similar objections will apply, but we do not deem it necessary to discuss them, as what has been said in regard to the two instructions will obviate all difficulties on another trial.

For the errors indicated the judgment will be reversed and the cause remanded.

*Judgment reversed.*