# CASES

# APPELLATE COURTS OF ILLINOIS.

### Second District—December Term, 1880.

## The People of the State of Illinois, use, etc.,

### v.

## Edward R. Allen, Survivor, etc.

1. CLAIM ON JUDGMENT AGAINST ADMINISTRATOR NOT PRESENTED TO COUNTY COURT.—Action of debt upon the official bond of a deceased administrator, against his surviving surety, suggesting a *devastavit* brought in a court of record, by a creditor of the estate whose claim had been adjudicated by a decree of the same court, but had never been allowed by or presented to the county court, *held* that such allowance was not necessary in order to maintain the action.

2. WHO A CREDITOR.—That a person who obtains judgment on a claim against an intestate in a suit in a court of competent jurisdiction, wherein his administrator is defendant, is a creditor of such estate.

3. SUCH CREDITOR MAY BRING SUIT.—That such creditor may bring suit on the administrator's bond, although his claim may never have been presented or allowed by the probate court.

4. JUDGMENT IN DUE COURSE OF ADMINISTRATION.—That it is not necessary a judgment against an administrator in a court of competent jurisdiction, to be paid in due course of administration, should be presented to the probate court for allowance. Of such judgment the administrator has notice, and he will be protected in obedience to it; and for any contemptuous disregard of the order, the court will deal with the administrator personally.

5. JUDGMENT AGAINST DECEASED PERSON.—That a judgment against a deceased, even, is only an instrument of evidence as against the estate or the administrator, and is no warrant for an execution, except as against the real estate, after twelve months from the time of decedent's death, and after three months' written notice to his personal representative or heirs, as prescribed by the statute.

ERROR to the City Court of Aurora; the Hon. CHARLES D. SMITH, Judge, presiding.

Mr. B. F. PARKS, for plaintiff in error; the matters out of which the case grew, has been many times to the Supreme Court; Groch v. Stenger, 65 Ill. 481; Allen v. Stenger, 74 Ill. 119 ; The People, use, etc. v. Allen, unreported.

The creditor of an estate is not required to present his claim to the Probate Court for allowance, but may bring suit in the first instance in any other court of competent jurisdiction: Wills v. Miller, 45 Ill. 33; Rosenthal v. Woger, 41 Ill. 370 M. O. Southworth and Charles Wheaton; cited to show that claims must be presented to the Probate Court; Reitzell, et al v. Miller, 25 Ill. 67; Propst v. Meadows, 13 Ill. 157; Stone v. Clark's Admrs. 40 Ill. 411; Walker v. Diehl, 79 Ill. 473.

Where there is no evidence to sustain the plaintiff's case, the court may instruct the jury to find for the defendant; House v. Wilder et al, 47 Ill. 510; Sharp v. Parks 48 Ill, 511; Quinn, admr, v. Ill. C. R. R. Co. 51 Ill. 495; Teft v. Ashbaugh, 13 Ill. 602; Amos v. Sinnott, 4 Scam, 440.

PLEASANTS, J. This was debt upon the official bond of a deceased administrator, against his surviving surety, suggesting a *devastavit*, brought in the City Court of Aurora, by a creditor of the estate, whose claim had been adjudicated by a decree of the same court, but never allowed nor presented in the county court; and the question arising upon the record is whether such allowance is necessary in order to maintain the action.

It appears that Robert Groch died intestate on the 13th day of July, 1871, and on the 17th his son Otto, upon filing the bond here in suit, was appointed administrator. On the next day Michael Stenger filed his bill in said city court against said administrator and the heirs-at-law to foreclose two mortgages executed by the decedent; upon which at the June term, 1872, a decree was entered for the complainant, and in pursnance thereof the mortgaged premises were sold by the master. The decree was reversed on error, and while the cause

was again pending in the city court under the order remanding it, the administrator died, and the defendant in error, who was one of the sureties on his bond, having been appointed administrator *de bonis non*, was substituted as defendant and appeared and contested the suit.   On the 11th day of February, 1875, a decree was again entered for the complainant, finding the amount then due, deducting the proceeds of the sale under the first decree (by request of both parties, who agreed that the property would bring no more), stating the deficiency at $1,500, and therefore ordering, adjudging and decreeing that " the complainant have and recover of and from the estate of the said Robert Groch, deceased, the said sum of $1,500, to be paid in due course of administration."  A certified copy of the decree was filed in the county court on the 4th day of March, 1875, more than two years after grant of the original letters of administration, but no summons was issued nor notice of such filing given to the administrator, *de bonis non*, nor was the claim ever docketed or judgment rendered, or hearing had thereon in said Court.  Upon afterwards discovering, as he supposed, that the deceased administrator had made collection of moneys belonging to the estate, which he had neglected to report and had converted to his own use, the complainant in that decree brought this suit, averring in his declaration, in the usual form, the execution of the bond, the appointment of Otto Groch as administrator, his entering upon the performance of his duties as such, the recovery of the decree above mentioned and the *devastavit*, to which defendant plead *nil debit* with a stipulation admitting all legal defenses under it, and issue was joined thereon.

The trial went off as upon a demurrer to the evidence; for after the plaintiff had proved the other facts so averred—which were not disputed—and introduced proof tending to show the *devastavit*, as alleged, and rested his case, counsel for defendant moved to exclude all the evidence, and the court thereupon ruled that the plaintiff could not recover without showing a claim in his favor against the estate allowed by the county court, and that it was duly exhibited there within two years from the issuance of letters of administration, or if after

that time, then the additional fact of assets found which had not been inventoried; but in any case an allowance of the claim by the county court. The jury were therefore instructed to find for the defendant, and accordingly so found.

A motion for a new trial having been overruled and judgment entered on the verdict for defendant, for his costs, the plaintiff sued out this writ of error.

The simple theory of his case is, that the deceased administrator held the personal estate of Robert Groch in trust for his creditors and personal representatives; that to secure them in the faithful execution of such trust he gave the bond in suit, in which the defendant in error joined as surety, and that in breach of the conditions of said bond he wasted said estate, to the injury of such creditors, of whom plaintiff in error is one. If these propositions were established it would seem he was entitled to recover. Curry v. The People, 54 Ill. 263; Tucker v. The People, 87 Id. 76; The People, for use, etc., v. Hunter, 89 Id. 392.

It is conceded that evidence was offered tending to establish each of them, except the one last above stated, viz : that plaintiff was a creditor in such a sense as to be legally injured by the alleged *devastavit*, and therefore entitled to resort to the bond for his indemnity. As to that, it is also conceded that he held a money decree of a court competent to render it, for the sum of $1,500, against the defendant in error, legally representing the estate, requiring him as such to pay it in due course of administration. For most purposes, certainly, this would be deemed evidence of the highest kind to show, *prima facie*, the status of the plaintiff as creditor and the amount of the debt.

But it is insisted that in an action upon the official bond of an administrator, as against the surety, it is wholly insufficient; and for reason therefor it is said, that an administrator is not bound to pay any claim against the estate that is not allowed by the county court. Hence, it is argued, it cannot appear that the plaintiff was injured by any waste or misapplication of the estate by the administrator, until it is shown that he had, when he commenced his suit, a claim duly allowed by that court. We think that the statute in reference to the filing,

The People v. Allen.

litigation, allowance and classification of claims against the estates of decedents, in the county court, including the provisions limiting the time in which they may be so filed and the decisions in reference thereto, upon which counsel for the defendant in error relies, apply only to demands which are unadjudicated as against the estate through its proper representative. Such claims may or may not be valid, and of them the administrator may or may not have actual notice. He ought not, therefore, to be chargeable as for a *devastavit* in not paying them, and he should not be allowed to determine the question of their validity and to pay them, except at his peril, to have their validity established by an adjudication competent to protect him. Hence, even a judgment against the decedent is only an instrument of evidence as against the estate or the administrator, and is no warrant for an execution, except as against the real estate, after twelve months from the time of decedent's death, and upon three months' written notice to his personal representative or heirs, as prescribed by the statute.

But the reason of these regulations has no application to a judgment of any competent court against the administrator himself as such. Of this he necessarily has notice, and it will protect him in obedience to it. The filing of it in the county court would serve no good purpose with reference to its adjudication, for that court could neither disallow or modify it, nor add to its force. Nor would such a proceeding aid that court in ordering payment of dividends, for it can order payment only in due course of administration. Jurisdiction of any other court to render a judgment against an administrator, as such, includes power to enforce its judgment without dependence upon the county court. True, it has no power to award a *fieri facias* against the assets—and the county court is equally powerless—but no reason is perceived why it may not deal with the administrator personally for any contemptuous disregard of its order. The decree of the City Court of Aurora —whose jurisdiction in this case was the same as that of the circuit court—established the amount of the indebtedness of the estate to the plaintiff, and the obligation of the defendant

to pay it in due course of administration as effectually as could the order of the county court.

It was therefore error to exclude said decree as evidence tending to prove the *status* of plaintiff as a creditor of the estate, and to direct the jury to find for the defendant for want of such evidence.

The judgment is reversed and the cause remanded for further proceedings, not inconsistent with this opinion.

Reversed and remanded.