THE PEOPLE OF THE STATE OF ILLINOIS, FOR USE, ETC.,

v.

EDWARD R. ALLEN, SURVIVOR, ETC.

*Administration—Action of Debt on Administrator's Bond—Accounts—Allowance to Administrator—Instructions—Error without Prejudice.*

In an action of debt on an administrator's bond, charging a *devastavit* of a portion of the estate, it is *held:* That there is no warrant of law for allowing an administrator, as compensation for his services, a sum exceeding six per cent. on the amount of the personal estate; that certain of the instructions were erroneous; and that the recovery of a certain judgment against the estate had taken that amount out of the administration.

[Opinion filed January 7, 1888.]

APPEAL from the City Court of Aurora; the Hon. CHARLES KELLUM, Judge, presiding.

Mr. SAMUEL ALSCHULER, for appellant.

Mr. CHARLES WHEATON, for appellee.

LACEY, J. This was an action of debt commenced by the appellant against the appellee, security on the administrator's bond of Otto Groch, deceased, administrator of the estate of Robert Groch, deceased, dated August 15, 1871. The declarations shows that Otto Groch continued to act as administrator till May 26, 1873, when the said administrator died, he being a non-resident of the State of Illinois.

It is sought by the declaration and proof to charge the said administrator with a *devastavit* of a portion of the estate, to the injury of Michael Stenger for whose use the suit is brought, he being a decretal creditor of the estate by decree in the City Court of Aurora, Kane County, Illinois, in the sum of $9,000 (reduced by credits to $1,500) and costs, which, on the 4th March, 1875, was filed in the office of the Kane County Court, as of seventh class claims, to be paid in due course of administration, and to hold the appellee, his surety, responsible for the loss.

It appears that appellee on the death of the said Otto Groch was duly appointed administrator *de bonis non* of the said estate of Robert Groch, deceased, and was made a party to the suit of foreclosure of said Stenger in the said Court of Common Pleas, in said City Court above alluded to. There was a plea of the general issue and an agreement that all defenses might be introduced in evidence thereunder. There was a trial by jury and verdict for the appellee and judgment on the verdict and this appeal is taken seeking to reverse such judgment. This case was in this court before, reported in 8 Ill. App. 17. The case has also been to the Supreme Court, 86 Ill. 166.

It will probably make the points really in issue in this case plainer and more easily understood to refer to the state of the accounts.

First, the appellant seeks to charge the administrator, Otto Groch, as follows: Sale bill of personal property of the estate $1,730.07; accounts collected for brick and lime belonging to the estate of Robert Groch a total sum of $888.42, making a total of $2,618.49. To off set this account the appellee claims credit for $500 collected by Stenger in suit for money wrong-

The People v. Allen.

fully received for brick on which the latter had a mortgage lien; balance of money received by appellee as administrator *de bonis non* $1,039.85; by money paid out by Otto Groch himself, $530; by money paid by Otto Groch per appellee, $355.75; by services as administrator, $125, making a total of $2,550.60; thus leaving a small balance in appellant's favor of $67.69.

But the administrator disputes certain of the appellee's items of set off. First, claims that the item said to have been paid by Otto Groch by the hands of appellee, $355.75, is too large by $210; challenges also about $79.10 of the items paid out by Otto Groch for traveling expenses and to certain persons—Cassidy, O'Connor and Clems. If these items of the appellee's account were stricken out, then the balance apparently recoverable would be $356.79. This is liable to reduction, and it is strenuously contended for by appellee in the account said to have been collected by Otto from Tarble and Gillett on brick account of $125.70, appellee insisting that the Tarble and Gillett accounts were for the same thing, and that only $50 was paid by Tarble.

If the jury should so find, then the claim of plaintiff would be reduced $75.70, and, if the $79.10 should not be deducted, to $201.94, and if the appellee should, by receipts or evidence, show that the $210 claimed to have been by Otto of the money received back from the appellee, then there would remain nothing due. But these questions should be passed on by the jury without being wrongly directed as to other matters which were liable to defeat the appellant's cause of action, even if he succeeded on the disputed claims above set forth. What were these? The first was the claim that the administrator, Otto Groch, was entitled to the sum of $300 or $400 for a reasonable compensation for time and labor honestly and necessarily devoted to the business of settling up the estate, in addition to all his other reasonable and proper charges in so doing, and so the court instructed the jury on the part of appellee, if the jury believe, from the evidence in this case, that the charge of $300 or $400 was reasonable. Thus the 9th instruction was erroneous and contrary to the provisions of the statute. Gross Statute 1872, Chap. 109, Sec. 74.

There is no warrant of law for allowing an administrator as compensation for his services a sum exceeding six per cent. on the amount of the personal estate. So held in Askew v. Hudgens, 99 Ill. 468; Hough v. Harvey, 71 Ill. 72. It is not seriously contended by counsel for appellee that the instruction was correct, but it is insisted that it could do no harm, as the appellee must have succeeded at all events. We are not convinced that he would, had it not been for this and other erroneous instructions.

The second claim set up by the appellee was, that the entire account sought to be charged against Otto for brick should be deducted from the debtor side of the account, notwithstanding Stenger only recovered a judgment against appellee as administrator *de bonis non* of the estate for $500, though the entire account might exceed that sum; and also it is insisted that some of the items proved showed that the amount received on them was for brick and lime, without distinguishing how much was for the one and how much was for the other; the entire item should be rejected.

The court below instructed the jury to the same effect.

These instructions were 4, 5, 10 and 15 given for appellee and were erroneous. The Supreme Court fully settled that question in this case, 86 Ill. 166. The court below should have obeyed the opinion of the Supreme Court as there expressed.

There it was decided that the issues in the case of Stenger against Allen in which $500 was recovered for brick converted, on which he had a lien, were not the same as in this case, neither were the parties. There seems to be great confusion about the effect that judgment should have on the issues in this case.

It appears that Michael Stenger, during the life of Robert Groch, and at his death, held a chattel mortgage on the brick, the accounts for which were collected by Otto Groch, administrator. That the mortgagor claimed the money arising from the sale of the brick belonging to him, or at least that he had a lien on it ahead of all creditors of Robert's estate. He instituted suit and recovered judgment against the appellee, the

then administrator, for $500. Allen, the appellee, afterward paid it. This recovery had the effect to take that much out of the administration of the estate, as though it had never been in the administration.

Though the administrator still held the money for the payment of Stenger's judgment he did it in the capacity of trustee for him and not as administrator. Hence this $500 should be deducted from the account of Otto. He should not be charged with it, neither should appellee be credited with it in his account as money received by him from the former administrator and not wasted as money of the estate. It should be laid out of the reckoning as to both sides. It was in no legal sense money of the estate for any purpose, other than to pay it to Stenger. Stenger being bound by the amount of the judgment could never claim any more on account of his mortgage on the brick. If, fortunately, the administrator received any more money on the accounts for brick sold than $500, the amount recovered, who would that money belong to—the administrator in person or to him as administrator? Clearly to the estate. The parties who paid in the money are not claiming it, nor could they; for they got value received for it. Why, then, should it be so blended with the account for lime as to have the effect to relieve the administrator from accounting for money received by him upon which Stenger never had any claim?

Whatever Stenger did not take out of the hands of the administrator by means of the suit, would and ought to remain there and be used for the benefit of the estate. The Stenger judgment only estops the administrator from disputing the validity of the judgment, and the question as to whether the appellants could dispute its validity in this case does not arise, as they are not seeking to do so. It is only a shield in favor of appellee to the amount recovered, and nothing more. These instructions compelled the jury to wrongfully reject about $169 of the account received by the administrator for brick and lime from the charges against him where the amount of each could not be distinguished.

It appears from the evidence that the appellee, at the time

he signed Otto Groch's bond, required all the estate money to be deposited in a bank to his credit, as a condition of going on the bond. And it is agreed by counsel that $1,895.60 was so deposited. This amount is entitled to the following credits, for the purpose only of showing how much went into the hands of the administrator *de bonis non*, and as a consequence not devastated by Otto, to wit:

First, the $500 Stenger judgment; second, $355.75, paid out to and for the benefit of Otto and the order of Brown, his attorney.

That leaves $1,039.85 in the hands of appellee, of which there is no controversy.

But this would leave Otto to account for, in some way, the sum of $210, that was paid directly back to him by appellee, the custodian, the same as he should do for any moneys never paid into the hands of the custodian or other payments by him for which credits are claimed. The paying over to the custodian and receiving it back could make no difference.

. We can not see the object the appellant could have in introducing in evidence the reports of the administrator *de bonis non*, showing that he charged himself with $1,136 from the former administrator, as that would increase the amount not devastated nearly $100 to their disadvantage. If with the view of deducting the $500 judgment from that amount, it would not be permissible under the evidence, for evidently that had already been taken out. As the ruling out the offered evidence did not injure, but benefited appellants, it can not be assigned for error, even if otherwise competent. The brick money represented in the judgment never belonged to the estate and it is not to be presumed that the administrator would charge himself with it.

As to the question of the sufficiency of the evidence on the issues indicated we will simply say that it is a question for the court below and the jury.

Judgment reversed and cause remanded.

*Reversed and remanded.*