### EDMUND K. BABER, Exr.

*v.*

### PITTSBURG, CINCINNATI AND ST. LOUIS RAILROAD CO. *et al.*

1. APPEALS, ETC.—*construction of statutes relating to.* Section 90 of the Practice act and section 8 of the Appellate Court act, having been passed by the legislature on the same day, and having taken effect at the same time, must be construed *in pari materia*, and given the same effect as if both were contained in the same act.

2. APPELLATE JURISDICTION—*from Appellate courts.* Under section 90 of the Practice act, an appeal from or writ of error to the Appellate Court lies to this court, in three classes of cases,—1, in all criminal cases; 2, in all cases in which a franchise or freehold, or the validity of a statute is involved; and 3, in all other cases where the sum or value of the property in controversy exceeds $1000 exclusive of costs, and the judgment or decree of the lower court is affirmed or finally decided. In the first two classes the right of appeal or to a writ of error is clear without regard to the magnitude of the interests involved.

3. The third class is very broad and comprehensive in its terms, and includes all cases whatsoever, directly involving property rights, not falling within the second class of the section, without regard to whether the proceeding is at law or in equity, or whether the action is in form *ex contractu* or *ex delicto,* or a mere statutory proceeding, and it therefore includes all cases in actions *ex contractu* and " cases sounding in damages," specified in sec. 8 of the Appellate Court act, subject to the limitations as to amount or value before stated.

4. Section 90 having expressly limited the right to an appeal or writ of error to those cases in the third class in which the sum or value in controversy

exceeds $1000, exclusive of costs, it follows that the amount therein specified must control all cases whatsoever, except such as may, by specific provisions, be taken out of the rule therein prescribed.

5. In all cases, either at law or in equity, to enforce a contract either for the recovery of a chattel or a sum of money, the judgment or decree of the Appellate Court is final, if the amount involved, to be gathered from the record without regard to the judgment below, is less than $1000, exclusive of costs, but if the amount is an even $1000 or over, an appeal lies from the final judgment or decree of the Appellate Court.

6. In all cases, whether in form *ex contractu* or *ex delicto*, brought to recover unliquidated damages when the amount of recovery is not definitely fixed by law but rests substantially in the discretion of the jury, if the amount of the judgment of the court below is less than $1000, exclusive of costs, the judgment of the Appellate Court is final, but if an even $1000 or over, an appeal or writ of error will lie to review it.

7. In all cases at law or in equity, in which it is sought to enforce a right of action arising directly from a tort, as contradistinguished from a breach of contract, for the recovery of either a chattel or damages, where the law furnishes a rule by which the amount of the recovery is rendered approximately certain, the amount involved, and not the judgment, determines the right to an appeal or writ of error, and in this class of cases the judgment of the Appellate Court will be final unless the amount involved exceeds $1000, exclusive of costs.

8. As the provisions of sec. 90 of the Practice act and sec. 8 of the Appellate Court act have reference only to proceedings for the recovery of either chattels or money, it follows there is another class of cases, which includes bills for divorce, actions of *mandamus*, and certain classes of bills for injunctions, when they are not, in effect, brought to recover chattels or a money demand. In all cases of this character not directly involving property rights, an appeal or writ of error lies without regard to the magnitude of the interests involved.

9. Where an action on the case is brought to recover damages for an injury to real estate by the construction of railroad tracks in a street in close proximity to the plaintiff's lots, and by depressing the grade of the street fronting the same, and the declaration charges damages exceeding $1000, and the evidence tends to prove them in excess of that sum, an appeal may be properly allowed by the Appellate Court to this court, from the final judgment of the former court affirming a judgment in favor of the defendant.

10. SAME—*as to whether decision of trial court was upon the weight of testimony, or other ground.* Where an issue of fact in an action at law was submitted to the trial court, without a jury, and the record merely shows a general finding for the defendant, and a judgment against the plaintiff for costs, it will be presumed that the decision was upon the weight of the evidence as bearing

upon the issue of fact presented, and not on the ground that the facts alleged and proved were legally insufficient to warrant a recovery.

11. SAME—*how to present the real ground of decision.* If, as a matter of fact, the trial court decided in favor of the defendant upon the ground that the facts alleged and proved by the plaintiff were legally insufficient to warrant a recovery, and the plaintiff's right to question in this court the ruling of the Appellate Court affirming the judgment of the trial court, depends upon such being the ground of decision, as distinguished from a finding upon a controverted question of fact, then he should have preserved the question by way of exception, so that it could be a subject of review by this court.

APPEAL from the Appellate Court of the First District; the Hon. THEODORE D. MURPHY, presiding Justice, and Hon. JOSEPH M. BAILEY and Hon. GEO. W. PLEASANTS, Justices.

This was originally a proceeding in chancery, commenced in the circuit court of Cook county, by Jacob P. Willard, appellant's testator, against appellees. Pending the litigation, by agreement of parties, a declaration in case and the plea of the general issue thereto were substituted for the bill and proceedings thereunder, and were filed as of the same date on which the bill was filed, and thereupon the cause proceeded as if commenced on the law side of the court. Pending the suit Willard died and appellant, his executor, was substituted in his stead.

It appears, from the record, that appellant's testator was the owner of certain lots in the city of Chicago, with valuable improvements thereon, abutting on Carroll street on the south and Desplaines street on the west; and this suit was brought to recover damages which plaintiff claimed to have sustained by reason of the defendants having wrongfully extended the tracks of their roads along Carroll street, and laid them down in close proximity to plaintiff's property.

It was further claimed by appellant, that defendants, in laying down their tracks along these streets, had depressed the grade established by the city several feet, and had thereby greatly damaged the property in question, etc.

These facts were distinctly alleged in the declaration and were put in issue by the plea filed. By agreement of the

parties a jury was waived, and the cause tried by the court, who found the issues for the defendant and rendered judgment against the plaintiff for costs. On appeal this judgment was affirmed by the Appellate Court for the First District, and thereupon appellant brought the record to this court for review.

Mr. JOHN I. BENNETT, for the appellant.

Mr. E. WALKER, for the appellees.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

The judgment of the circuit court in this case being for a less sum than $1000, exclusive of costs, and that judgment having been affirmed by the Appellate Court, the question is presented, whether or not the determination of the latter court is final, or in other words, whether this court has jurisdiction to review the judgment of the Appellate Court.

The solution of this question involves the construction of the several provisions of the statute conferring jurisdiction upon this court to review the final judgments, orders and decrees of the Appellate Courts.

The 90th section of the Practice act, and the 8th section of the Appellate Court act, contain the only provisions to be found in the statute that have any material bearing upon the question. These sections of the statute were passed by the legislature on the same day and both went into effect at the same time, hence they must be construed *in pari materia*, and given the same effect as if both were contained in the same act.

By the 90th section it is provided, that " in all criminal cases, and in all cases where a franchise or freehold, or the validity of a statute is involved, and in all other cases where the sum or value in the controversy shall exceed $1000, exclusive of costs, which shall be heard in any of the Appellate Courts upon errors assigned, if the judgment of the Appellate

Court be that the order, judgment or decree of the court below be affirmed, or if final judgment or decree be rendered therein in the Appellate Court, or if the judgment, order or decree of the Appellete Court be such that no further proceedings can be had in the court below except to carry into effect the mandate of the Appellate Court, any party to such cause shall be permitted to remove the same to the Supreme Court by appeal or writ of error," etc.

The 8th section provides, that "the said Appellate Courts, created by this act, shall exercise appellate jurisdiction only, and have jurisdiction of all matters of appeal or writs of error from the final judgments, orders or decrees of any of the circuit courts, or the Superior Court of Cook county, or from the city courts, in any suit or proceeding at law or in chancery, other than criminal cases and cases involving a franchise or freehold, or the validity of a statute. Appeals and writs of error shall lie from the final orders, judgments or decrees of the circuit and city courts and from the Superior Court of Cook county directly to the Supreme Court, in all criminal cases, and in cases involving a franchise or freehold, or the validity of a statute. In all cases determined in said Appellate courts in actions *ex contractu,* wherein the amount involved is less than $1000 exclusive of costs, and in all cases sounding in damages wherein the judgment of the court below is less than $1000 exclusive of costs, and the judgment is affirmed or otherwise finally disposed of in the Appellate Court, the judgment, order or decree of the Appellate Court shall be final, and no appeal shall lie, or writ or error be prosecuted therefrom: *Provided,* the term *ex contractu,* as used in this section, shall not be construed to include actions involving a penalty. In all other cases appeals shall lie and writs of error may be prosecuted from the final judgments, orders or decrees of the Appellate Courts to the Supreme Court," etc.

It will be perceived that the 90th section, above cited, in express terms embraces three distinct classes of cases, namely:

1, criminal cases; 2, all cases which involve a franchise, free-hold, or the validity of a statute; 3, all cases where the sum or value in controversy exceeds $1000, exclusive of costs. With respect to the first two classes of cases there can be no controversy or diversity of opinion. In all such cases the right of appeal, or to prosecute a writ of error, is clear and unquestionable, without regard to value or the magnitude of the interests involved, and for this reason nothing further need be said with reference to them. In subsequent refer-ences, therefore, to the 90th section, it must be understood we are speaking exclusively of cases included in the 3d class. By doing so we will avoid much repetition.

The 90th section, in defining the 3d class, is very broad and comprehensive in its terms. Leaving out of view the limitation with respect to value or amount, it includes all cases whatsoever directly involving property rights, not fall-ing within the second class of that section, without regard to whether the proceeding is at law or in equity, or whether the action is in form *ex contractu* or *ex delicto*, or a mere statutory proceeding, and it therefore of course includes all cases in actions *ex contractu*, and "cases sounding in damages," speci-fied in the 8th section, subject to the limitation as to amount or value, as above suggested.

The 90th section being thus general in its terms, and in-cluding all cases directly involving property rights, as we have just seen, and having expressly limited the right to an appeal or writ of error to those cases in which the sum or value in controversy *exceeds* $1000 exclusive of costs, it fol-lows that the amount therein specified must control all cases whatsoever, except such as may by specific provisions be taken out of the rule therein prescribed.

Before recurring to the provisions of the 8th section it is necessary to call attention to a well recognized and practical distinction that exists in cases with respect to the principles by which the amount or value in controversy is determined, and the measure of recovery is regulated.

In every action at law, whether in form *ex contractu* or *ex delicto*, wherein it is sought to recover a judgment for money, the law, upon the facts stated in the declaration or complaint, and proved on the trial, either does or does not furnish a rule by which the amount of the plaintiff's recovery, if entitled to recover at all, may be approximated with reasonable certainty. Those cases in which the law furnishes such a rule are practically opposed as a distinct class to those in which no such rule is furnished. In the latter class of cases the amount of recovery rests mainly in the discretion of the jury, and must therefore necessarily depend largely upon the intellectual and moral character, social habits, and peculiar characteristics of the particular individuals who happen to compose the jury; and it is hardly necessary to add, that all cases falling within the latter class are, in the strictest sense of the term, " *cases sounding in damages.*" Now, while the cases, without regard to the form of action, are to be distinguished with respect to the amount involved and the principles by which the measure of recovery is regulated, in the manner we have stated, there is also another distinction which must be kept in view, which is very elementary in its character, and lies at the very foundation of all rights of action. Every cause of action which may be enforced either at law or in equity arises either from a breach of contract or a tort, and therefore all cases either at law or equity arising from a breach of contract are properly opposed as a distinct class to all cases wherein the cause of action arises from a tort. When, therefore, we group together as a distinct class all cases which sound in damages, within the strict sense of the term, as we have stated, without regard to whether they originated in the breach of a contract or a tort, and then divide the remaining cases in conformity with the primary and fundamental principle which distinguishes all rights of action, as arising either from a breach of contract on the one hand, or a tort on the other, we have three distinct classes of cases, which comprise all cases embraced in the 90th section, namely: 1, all cases, whether at law or in equity, in

which the object of the suit is the enforcement of a contract, either for the recovery of a chattel, or a sum of money, where the amount which the plaintiff ought to recover, if anything at all, is, under the allegations and proofs, by virtue of some rule of law regulating the measure of recovery, made approximately certain; 2, all cases, whether in form *ex contractu* or *ex delicto,* wherein it is sought to recover unliquidated damages, the amount of which, under the facts charged in the declaration and proved on the trial, can not, by virtue of any rule of law regulating the measure of recovery, be approximately ascertained, but which is left substantially in the discretion of the jury; 3, all cases, whether at law or in equity, in which it is sought to enforce a right of action arising directly from a tort, as contradistinguished from a breach of contract for the recovery of either a chattel or damages, when from the facts alleged in the bill or declaration, and proved on the trial, the law furnishes a rule by which the amount of recovery is rendered approximately certain.

The above classification not only rests upon the primary and fundamental distinctions of the common law we have mentioned, but a careful analysis of the several provisions of the two sections of the statute above cited lead to the irresistible conclusion that the legislature, in providing for writs of error and appeals from the final orders, judgments and decrees of the Appellate Courts, had in mind these distinctions, and in conformity with them, by express terms and necessary implication, divided all the cases included in the 90th section into the three classes above mentioned. And with respect to the terms regulating the right of appeal, or to prosecute a writ of error, each of these classes is governed by a distinct rule which is not applicable to either of the others.

In the first class, the judgment of the Appellate Court is final if the amount involved, to be gathered from the record, is less than $1000, exclusive of costs; but if the amount is an even $1000, or over, an appeal or writ of error lies from the final judgments, orders or decrees of the Appellate courts

to this court. As to the second class, if the amount of the *judgment* of the court below is less than $1000, exclusive of costs, the judgment of the Appellate Court is final; but if an even $1000, or over, an appeal or writ of error will lie. With respect to the third class, like the first, the amount *involved* determines the right to an appeal or writ of error, and not the amount of the judgment of the court below, as in the second; and in all cases falling within the third class, the judgment of the Appellate Court will be final, unless the amount involved exceeds $1000, exclusive of costs. The cases falling within the first and third are alike in this, that the amount of recovery in both classes is susceptible of direct proof, and may be approximately ascertained; but the cases belonging to the first being altogether founded on rights of action growing out of contract, the amount which the plaintiff ought to recover, if anything, as a general rule, can be ascertained with more exactness than in the third class, where the right of action always arises out of a tort; and this may be the reason why the legislature required the amount involved in the third class to be greater than in the first, to give the right to an appeal or a writ of error.

Upon turning to the 8th section, we find two specific provisions by which the first and second classes of cases above mentioned are, as it were, carved out of the 90th section, and opposed to each other as distinct classes, leaving those remaining in the 90th section as a class of themselves, which, of course, must constitute the third class of the foregoing classification.

The two classes thus carved out of the 90th section by the specific provisions of the 8th section are respectively characterized as "all cases finally determined in the Appellate courts in actions *ex contractu*," and "all cases sounding in damages." Neither of the expressions by which these two specific classes are distinguished is used in its technical sense. The term *ex contractu*, by which the first class is defined, is ordinarily applied to actions at law, as contradistinguished

from suits in equity; but that the term is here used so as to include all suits and proceedings, both at law and in equity, for the enforcement of contracts where the claim or right sought to be enforced is susceptible of direct proof, can hardly admit of a doubt, when the several provisions of the statute bearing on the question are considered.

The use of the word "decree" in connection with the two classes specified in the 8th section has an important bearing upon the question, and would seem to be conclusive of it. The language of the statute is, that in all cases determined in said Appellate courts, in actions *ex contractu,* wherein the amount involved, etc.,   *   *   *   and in all cases sounding in damages, wherein the judgment of the court below is less than $1000, exclusive of costs, etc.,   *   *   *   the judgment, order or *decree* of the Appellate Court shall be final, etc. Now, it is manifest, that the word "decree" is appropriate only to cases in chancery, and that there is nothing to which it can refer in the section except to the final determinations of the court, either in cases sounding in damages or in actions *ex contractu;* and of course it would more appropriately refer to the former, for there is nothing better settled than that a bill in chancery does not lie for the recovery of damages merely. To this rule there is not an exception. The word "decree" must, therefore, refer to the determinations of the court in actions *ex contractu;* and if so, the conclusion is irresistible that by the expression, actions *ex contractu,* as used in that connection, the legislature intended to include, subject to the qualifications we have mentioned, proceedings in chancery, as well as law, for the enforcement of rights arising out of contract.

Nor is the expression, sounding in damages, which defines the second specific class of the 8th section, used in its technical sense; but it is manifestly used in the restricted sense we have already mentioned. Ordinarily, the term implies all cases which arise in those actions known to the law as actions sounding in damages, which include actions of assumpsit,

covenant, trover, trespass on the case, and trespass *vi et armis.*
It also anciently included replevin in the *detinet;* but the
office which that form of the action once performed is now uni-
versally performed by an action of trover; so that replevin
in the *detinet* may now be regarded as obsolete. But that the
expression, "cases sounding in damages," can not be used in
its ordinary meaning, is obvious, for the reason that the class
of cases thereby defined, and cases arising *ex contractu,* are,
by the statute, opposed to each other as distinct classes, which
would involve a manifest absurdity; for all cases, both in
assumpsit and covenant, are cases sounding in damages, within
the technical meaning of the expression, as well as actions
*ex contractu,* and would therefore, by such a construction, fall
in both classes. But the difficulties of such a construction
would not stop here; for in every action of covenant or
assumpsit, where the amount involved exceeds $1000, and
the judgment of the court below is less than that sum, the
construction in question would give two incompatible tests by
which to determine the right to an appeal or writ of error.
The proceeding, when considered as an action *ex contractu,*
would entitle the plaintiff to an appeal or writ of error, but
when considered as a case sounding in damages, the judgment
of the court below being for less than $1000, the judgment
of the Appellate Court would be final, and of course he would
have no such right.

As so palpable inconsistencies as these can not be imputed
to the legislature, it follows that a different classification must
have been intended; and, inasmuch as no other rational classi-
fication could have been intended except that which results
from confining the term, "sounding in damages," strictly to
that class of cases in which the amount of recovery rests
mainly in the discretion of the jury, it follows that the legis-
lature must have used the expression in such restricted sense.

The latter class of cases, not only in name, but in fact,
sound in damages, and a classification founded upon the re-
stricted meaning of the term is in conformity with sound legal

principles, and highly practicable. All the difficulties encountered by giving the term, "sounding in damages," the extended meaning ordinarily attached to it, are avoided by taking it in its restricted sense, and regarding it in part as a limitation on the class of cases arising *ex contractu* specified in the preceding clause, so as to exclude from the latter class all cases which actually sound in damages, as in assumpsit for a breach of promise and the like. When, therefore, all cases arising *ex contractu*, which in fact sound in damages, in the sense we have stated, are, by virtue of the second clause, operating as a limitation on the first, taken from the first and added to the second, where they properly belong, it will be found all the provisions of both sections of the statute are entirely harmonious, and every word and clause in them is given effect and rendered operative; and there is clearly no other rational construction by which this can be accomplished.

It may be supposed that the difficulties growing out of the construction we have been considering, would be avoided equally as well by taking the expression "sounding in damages," in its technical sense, and holding that the specific provision defining the first class of the 8th section is a limitation on the second, requiring the latter to be construed so as to include all cases sounding in damages, except those in form *ex contractu*. We do not think so. To give the provision in question such a construction would, in effect, be holding that the statute in making the judgment of the court below a test of the right to an appeal, or writ of error, is purely arbitrary; for in one case it would require the judgment to control, while in another just like it in principle, it would apply a different test without any perceptible reason for doing so.

The legislature evidently intended that the amount of the judgment should control only in those cases where the sum or value in the controversy could not be otherwise ascertained. Take, for instance, a case in assumpsit for a breach of promise where the *ad damnum* is $10,000, and the defend-

ant's liability is clearly shown by the proofs, but the verdict and judgment of the court below are only for $800. Under this condition of things the plaintiff·brings the case to this court on the theory that it is an action *ex contractu*, and is, therefore, by reason of the supposed limitation, taken out of the class of cases sounding in damages, and must, therefore, be governed by the sum or value in controversy rather than by the judgment of the court below. What, we submit, would this court, in such case, have to guide it in determining whether the sum or value in controversy was $1000 or over, except the judgment of the court below? The *ad damnum* evidently could not be looked to for that purpose; for to permit that would be to allow all cases *ex contractu* to be brought to the Supreme Court.

The truth is, this court would have no means whatever of determining the sum or value involved in the controversy outside of the judgment of the court below, and hence the legislature wisely provided that the right to an appeal or writ of error should, in all cases of that kind, whether in form *ex contractu* or *ex delicto*, be governed by the amount of the judgment of the court below. On the other hand, take a case for verbal slander, where the damages are laid at a like sum and there is a recovery for the same amount. It is conceded, in the latter case the judgment of the court below must control, and that no appeal would lie; and yet the cases are exactly analogous in principle. The difficulty of telling what is actually involved, from the allegations and proofs appearing of record, is just as great in the one case as in the other, for, until after judgment, no one can tell what is involved, and the two cases in that respect are exactly alike; and to allow an appeal in the one case, and not in the other, would be a purely arbitrary rule founded on no good reason. But the construction which we have given the act places both these cases, and all others analogous in principle, in the same category.

Again, if all cases in form *ex contractu* are eliminated

from the second class, and the term "sounding in damages" is taken in its extended sense, so as to include actions of trover, where the damages are always rendered approximately certain by the proofs and can be determined by this court from an inspection of the record, it would follow that in all cases of this kind, if the judgment of the court below happened to be less than $1000, although this court might see from the record that the real amount involved was $10,000, it would, nevertheless, be bound to dismiss the case for want of jurisdiction. The legislature certainly could not have intended any such result. The only reason why the amount of the judgment of the court below is made to control in any case is, because there is no other practical mode in the class of cases to which the rule applies by which the sum or value in controversy can be determined.

In fact, the theory suggested is wholly impracticable as to cases in form *ex contractu*, but which, in fact, sound in damages, for the reason, as already stated, it is impossible for the court in such cases to tell the sum or value involved in the controversy, except by the judgment of the court below. It would, therefore, seem clear, both from the analysis of the specific provisions of the 8th section, and the reasons upon which those provisions rest, that all the cases embraced in the general provision of the 90th section, are, for the purposes of appeals and writs of error, divided into the three distinct classes heretofore specified.

Inasmuch as the 90th section and the provisions of the 8th section, which relate to the specific classes therein provided for, have reference only to such legal proceedings as are instituted to recover either chattels or money, it follows that there is yet another class of cases which do not directly involve property rights, and, therefore, do not fall within either of the three classes above mentioned. This class of cases will include bills for divorce, actions of mandamus, and certain classes of bills for injunctions where they are not in effect brought to recover chattels or a money demand.

In all cases of this character, not directly involving property rights, an appeal or writ of error lies without regard to the magnitude of the interests involved.

This view of the matter covers the entire ground and places the whole subject upon a rational and practical basis, and is believed to be expressive of the legislative will.

The claim for damages, in the case before us, is based upon an alleged injury to certain real estate. Both the character and extent of the injury were clearly susceptible of direct proof by those who were familiar with the value of real property in that locality before and after the injury complained of. And as the damages charged in the declaration, and which the evidence on the part of appellant tended to prove, were in excess of $1000, the appeal was, therefore, properly allowed, and this court has jurisdiction to review the action of the Appellate Court. But there is an insuperable difficulty in the way of maintaining this appeal. The case, as shown by the record, is one which turns solely upon the facts, which we are not, by an express provision of the statute, permitted to inquire into at all. The Appellate Court has found the facts adversely to appellant, and as its conclusion upon that question is final, it therefore follows, whatever our own views might be with reference to the question, the judgment of the Appellate Court will have to be affirmed. This result can not be avoided by the claim in appellant's brief that the judgment of the circuit court does not rest upon the hypothesis that the proofs were insufficient to sustain the averments in the declaration, but on the ground that the facts alleged and proved were legally insufficient to warrant a recovery.

The difficulty with this position is, that there is no evidence in the record before us to show that the decision of the circuit court is based upon the ground supposed. The issue formed by the parties, and upon which the case was submitted to the court, was one of fact purely, and until something to the contrary appears it must be presumed that the court decided the

case according to the weight of the testimony bearing upon that issue. If, as a matter of fact, the court found the averments in the declaration true, but denied their legal sufficiency to warrant a recovery, the ruling of the court on that question should have been preserved in a proper exception so as to enable this court to review it. But nothing of the kind was done in this case.

*Judgment affirmed.*