### Chicago Opera House Company, for Use, etc., v. Louis E. Paquin.

1. RES JUDICATA—*Parties Must Appear in Same Capacity and Subject-Matter Must be Identical.*—A finding for the defendant upon a plea of former recovery can not be sustained where the parties to the judgment pleaded were not parties in the same capacity as those in the suit in which the plea is filed or where the issues are not identical.

2. SAME—*Suit for Rent, After Recovery on Bond in Forcible Entry and Detainer Proceedings.*—The defendant in a forcible detainer suit having been defeated took an appeal giving the usual bond. The appeal was subsequently dismissed and possession of the premises surrendered, but in the meanwhile rent had accrued in excess of the penalty of the bond. *Held*, that the landlord had two separate causes of action for rent; one upon the appeal bond against the tenant and his security, and the other against the tenant for rent due in excess of the amount of the bond and that a recovery upon the former demand was not a bar to a suit upon the latter.

**Attachment.**—Appeal from the Circuit Court of Kankakee County; the Hon. CHARLES R. STARR, Judge, presiding. Heard in this court at the December term, 1896. Reversed and remanded. Opinion filed June 26, 1897.

### STATEMENT OF THE CASE.

In April, 1891, Louis E. Paquin entered into possession of rooms 801 and 803, Chicago Opera House Building, in the city of Chicago, under a written lease. By the terms of the lease he was to pay thirty-three dollars a month as rent. He paid rent up to and including the month of Jan-

uary, 1892, when he made default in his monthly payments. In April, 1892, lessor, The Chicago Opera House Company, brought a suit for possession before a justice of the peace and recovered a judgment. Paquin, the defendant, took an appeal to the Circuit Court of Cook County, giving the usual appeal bond in forcible entry and detainer for five hundred dollars, with one Gabriel Franchere as security. While the appeal was pending, Paquin continued to occupy the premises.

The appeal was dismissed for want of prosecution at the April term of court, 1894, and Paquin surrendered possession of the premises the same month. There was then due for rent $891. In March, 1895, the Chicago Opera House Company brought suit against Louis E. Paquin and Gabriel Franchere, as principal and surety, respectively, on the bond given in the forcible entry and detainer suit. At the April term of court Franchere was defaulted for the want of a plea and judgment rendered against him for the penalty in the bond, to wit, five hundred dollars. Defendant Franchere appealed the case to the Appellate Court for the First District, where the appeal was dismissed on October 7, 1895. Franchere immediately thereafter paid the judgment, and same was satisfied of record in both Circuit and Appellate Courts. On November 11, 1895, Gabriel Franchere took an assignment of the balance of rent due the Chicago Opera House Company after recovering five hundred dollars by suit on the bond against Franchere.

At the December term, 1895, of the Kankakee County Circuit Court, Gabriel Franchere brought two suits in attachment against Louis F. Paquin, one for moneys paid out on behalf of the said Paquin in satisfaction of the judgment rendered against him as surety on the appeal bond, in which he recovered a judgment of five hundred and fifty-one dollars. The other was this suit brought in the name of the Chicago Opera House Company for the use of Gabriel Franchere, for the balance of rent due. To the declaration the defendant filed two pleas, the general issue and a plea of former recovery.

In the latter plea it was set up that the judgment rendered against Gabriel Franchere in the Circuit Court of Cook County, on the first day of April, 1895, is a bar to this action.

Issue was taken upon the plea, a jury was waived, and a trial was had by the court, resulting in a finding and judgment for defendant.

HOWARD AMES and GRANGER & DAVIDSON, attorneys for appellant.

THOS. P. BONFIELD, attorney for appellee.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

A finding for defendant upon the plea of former recovery was erroneous. The parties to the judgment pleaded, were not parties in the same capacity as those in this suit and the issues were not identical.

There were two distinct causes of action against Paquin; one in favor of Franchere, by reason of the recovery and payment of the judgment against him on the appeal bond of Paquin, and one in favor of the Opera House Company for rents over and above the amount of the appeal bond. The failure of the Opera House Company to invoke the aid of the court to require the defendant in the forcible detainer appeal suit to give additional bond, when it became apparent that before the case would be reached for trial rents would accrue which would exceed the amount of the bond, did not preclude the Opera House Company from a right to recover for rent above the amount of the bond.

The fact that the Opera House Company, in its suit upon the appeal bond, recovered for rents up to the amount of the bond, $500, did not debar it from recovering in a suit against Paquin alone for the $391 additional rent. It is absurd to say that having elected to sue on the bond for rents it thereby elected to abandon all further claim against Paquin.

At the time suit was brought upon the appeal bond the Opera House Company had two separate causes of action for rent; one upon the appeal bond against Paquin and his surety Franchere, and another against Paquin for rent accruing during the pendency of the appeal suit above the amount of the bond.

There should have been a recovery for appellant. Reversed and remanded.