THE BANK OF COMMERCE

*v.*

GEORGE S. MILLER.

*Opinion filed April 24, 1903.*

1. APPEALS AND ERRORS—*when certificate of importance is necessary.* A judgment in an action of tort, where the damages are susceptible of direct proof, must exceed $1000, exclusive of costs, in order to authorize an appeal from the Appellate Court without a certificate of importance.

2. SAME—*right to recover interest cannot be raised by cross-error.* The right to recover interest on a draft cannot be raised in the Appellate Court by assigning cross-error, where such question was not raised in the trial court in any manner.

*Bank of Commerce* v. *Miller*, 105 Ill. App. 224, appeal dismissed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

This was an action on the case, brought by plaintiff in the circuit court of Cook county, to recover damages for the negligence of the defendant in failing to collect a draft for $1000, drawn by the plaintiff to the order of the defendant on W. M. Timberlake & Co. The damages were laid in the declaration at $1250. The case was tried, by agreement, before the court without a jury, and a judgment was rendered in favor of the plaintiff for $1000 and costs, which judgment was affirmed by the Branch Appellate Court for the First District, and a further appeal has been prosecuted to this court.

The appellee has made a motion in this court to dismiss the appeal on the ground of want of jurisdiction, in this: that the amount in controversy does not exceed the sum of $1000 exclusive of costs, and no certificate of importance has been granted by the Appellate Court.

FELSENTHAL & FOREMAN, for appellant.

FRANK F. REED, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

It has been held that section 90 of the Practice act and section 8 of the Appellate Court act, having been passed upon the same day and relating to the same subject, are *in pari materia* and must be construed together, and that in actions *ex contractu* or *ex delicto,* if the damages sought to be recovered are not susceptible of direct proof, and the damages are $1000 or more, as shown by the judgment, an appeal lies from the judgment of the Appellate Court to this court, but if the damages are susceptible of direct proof they must exceed $1000 exclusive of costs, or an appeal will not lie from the judgment of

the Appellate Court to this court without a certificate of importance by the Appellate Court. (*Baber* v. *Pittsburg, Cincinnati and St. Louis Railroad Co.* 93 Ill. 342; *Hankins* v. *Chicago and Northwestern Railway Co.* 100 id. 466.) In *Hankins* v. *Chicago and Northwestern Railway Co. supra,* which was an action on the case to recover damages for negligently killing a mare, in disposing of a motion to dismiss an appeal from the judgment of the Appellate Court to this court the court said (p. 467): "It has been decided in a number of cases that in this class of cases the value of the property must exceed $1000. If the plaintiff were proceeding for damages that are * * * not susceptible of direct proof, and the damages are $1000 or more, as shown by the judgment, there an appeal or writ of error would lie to this court, whether the form of action be *ex contractu* or *ex delicto;* but where the action is in tort, as in this case, and the damages are not merely speculative but susceptible of direct proof, they must, according to the language of the Practice act and according to a number of decisions, exceed $1000." The damages in this case, being the amount of the draft, were susceptible of direct proof, and no proof other than the draft was offered in evidence to fix the amount for which plaintiff was entitled to recover.

The appellee assigned as cross-error in the Appellate Court the failure of the trial court to allow interest upon the amount of the draft, and it is urged in opposition to the motion to dismiss the appeal that the amount in controversy in the trial and Appellate Courts was the amount of the draft and the interest due thereon, occasioned by the appellant's unreasonable and vexatious delay in failing to make payment of the draft, which, in effect, is a contention by the appellant that the judgment against it was for too small an amount. (*Lake Erie and Western Railroad Co.* v. *Faught,* 129 Ill. 257.) The appellee has assigned no cross-errors in this court, and the question of his right to recover interest was not raised in the

trial court by the submission of propositions of law or otherwise, and his right to recover interest was not before the Appellate Court, and that question could not be raised for the first time in the Appellate Court by an assignment of cross-errors.

As the evidence found in this record does not show that the amount in controversy exceeds $1000 exclusive of costs and the Appellate Court has granted no certificate of importance, this court is without jurisdiction to hear and determine this appeal, and the same will be dismissed.                      *Appeal dismissed.*