SIGMUND ALEXANDER et al.

v.

SOLOMON LOEB et al.

*Opinion filed October 23, 1907—Rehearing denied Dec. 10, 1907.*

1. RES JUDICATA—*judgment on appeal bond in forcible detainer does not bar suit for double rent.* Recovery and payment of a judgment upon an appeal bond in forcible detainer, conditioned upon the payment of "all rent now due and that may become due before the final determination of this suit, and all damages and loss which the said plaintiffs may sustain by reason of the withholding of the premises," does not bar a suit against the lessees, under the statute, for double the rental value for willfully holding over.

2. LANDLORD AND TENANT—*withholding of possession must be willful to authorize recovery of double rent.* Withholding of possession of the premises by the lessee must be willful in order to justify a recovery of double the rental value, under the statute; but the question whether such withholding was willful is one of fact, upon which the judgments of the trial and Appellate Courts are conclusive if there is any evidence tending to support such finding.

3. SAME—*when claim for double rent is not waived.* The fact that four days before beginning a suit against lessees for double rent for willfully holding over the plaintiffs began a suit on the appeal bond in the forcible detainer proceeding does not amount to a waiver of the plaintiffs' claim for double rent; nor does the recovery and payment of the judgment in the suit on the bond merge the suit for double rent in that judgment or act as a bar to a recovery.

4. SAME—*lease and contemporaneous agreement are to be construed together.* A lease, and a contemporaneous agreement providing for abatement of the rent in case the lessors should be prevented from delivering possession by the acts of third parties over which they had no control, should be construed together in determining whether the lessors or lessee would be entitled to receive the double rental value of the premises in case the former lessees willfully held over.

5. APPEALS AND ERRORS—*what questions are settled by Appellate Court's judgment.* In an action under the statute for double rental value where lessees willfully held over, the questions whether there was a written demand for possession and whether the rental value was sufficient to uphold the judgment are questions of fact, upon which the judgment of the Appellate Court is conclusive if there is evidence tending to support the finding as to such questions.

6. SAME—*points cannot be raised for first time on appeal.* An objection that interest should not have been included in a judgment in an action for double the rental value of premises cannot be raised upon appeal, where the point was not raised on the motion for new trial or in the assignment of errors.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. O. E. HEARD, Judge, presiding.

This is an appeal from a judgment of the Appellate Court affirming that of the circuit court of Cook county in an action of debt brought by appellees against appellants. The declaration contained a count based on section 2 of chapter 80, (Hurd's Stat. of 1905, p. 1296,) which gives double rent against a party willfully holding over after the expiration of the term and the service of a written demand for possession. Two additional counts were based upon a covenant of the lease providing for the payment of $20 for each day the tenants should hold over after the lease expired.

In December, 1898, appellees leased the store floors and basement of the premises known as 561 and 563 Blue Island avenue, Chicago, to appellants, to commence January 1, 1899. A controversy arose over the period when the lease terminated, which was settled by a decree in chancery entered January 20, 1902, finding that the term expired December 31, 1900. The lease was executed in duplicate, and the only difference between the two copies was, that appellees' provided that the term should end in 1900 while appellants' copy made it 1901. In the body of both copies it was provided that there should be paid "as rent for said demised premises $3300, payable in monthly installments of $125, in advance, on the first day of January, 1899, and the same amount on the first day of each and every month of said year 1900," etc. Some talk appears to have taken place

between appellants and appellees during the summer of 1900 with reference to leasing the premises in question, along with adjoining premises, but before any bargain of this kind was consummated the appellees leased the entire building, which included the two numbers already mentioned and also No. 559 Blue Island avenue, to one William Kolacek. Along with the lease a contemporaneous agreement was executed, which referred, in terms, to the lease, providing, among other things: "The said first party agrees to deliver possession of said premises, with the herein above and before described repairs and alterations done, unless said party is prevented from so doing by riot, strikes, inevitable accident, act of God, rebellion, injunction proceedings, or other act or acts of third parties, or of the second party himself, that said first party has no control over, on the first day of April, A. D. 1901. If said first party is prevented from so delivering possession on said first of April, 1901, by any of the aforesaid causes except the act of said second party, then the rent to be paid by said second party shall abate in proportion to delay and to that part of the premises of which possession is not delivered."

January 24, 1901, the appellees commenced an action of forcible entry and detainer against appellants and recovered judgment thereon before a justice, from which judgment Albert Lurie appealed to the circuit court, filing a bond of $2500, with William Loeffler as surety, January 28, 1901. The condition of the bond was as follows: That he "shall prosecute his appeal with effect and pay all rent now due and that may become due before the final determination of the suit, and all damages and loss which the said plaintiffs may sustain by reason of the withholding of the premises in controversy and by reason of any injury done thereto during such withholding, together with all costs, until the restitution of the possession thereof to the plaintiff, in case the judgment from which the appeal is taken is affirmed or appeal dismissed." Two jury trials were had in the circuit

court of Cook county on this appeal, the first resulting in favor of appellants, and on this being set aside the second resulted in favor of appellees, and a judgment was entered against appellants for possession on April 2, 1902, possession being yielded up April 8 or 9 of that year.

May 24, 1902, appellees began an action of debt in the circuit court against William Loeffler and Albert Lurie, respectively, on the appeal bond in said forcible entry and detainer suit, and after a trial by jury, and verdict, judgment was entered February 11, 1905, in the appellees' favor for $2500, damages, interest and costs. This judgment was paid and fully satisfied February 23, 1905. Appellants paid no rent for the premises after December 31, 1900, except that which was recovered by the suit on the appeal bond. May 28, 1902, appellees began this proceeding in the circuit court, jury being waived and trial had before the judge, who entered the judgment now in question of $3380 in favor of appellees, October 10, 1905.

JAMES E. CROSS, (I. T. GREENACRE, of counsel,) for appellants.

EDWARD H. MORRIS, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

From the propositions of law held by the trial judge it is apparent that he made the finding under the count of the declaration claiming double the rental value for willfully holding over, and not under those counts based on the covenants of the lease for the payment of $20 per day for holding over. Appellants contend that a recovery on any of the grounds charged in the declaration is barred and waived by the election to sue on the appeal bond given in the forcible entry and detainer suit and the recovery and satisfaction of the judgment therein. This precise question has never been decided by this court, and while many authorities from

other jurisdictions have been cited, none of them are on "all fours" with the question here involved. In *Doe ex dem. Cheny* v. *Batten,* 1 Cowper, 243, it was held that the acceptance of rent after notice to quit did not imply a consent that the tenancy should continue, but the court stated incidentally that such acceptance was a waiver of the landlord's right to double rent under the statute. The point covered by this last statement was not in the case. In *Wright* v. *Smith,* 5 Esp. 203, it was held that when a tenant held over after the expiration of his term and the landlord recovered possession by ejectment, he could not thereafter maintain an action of debt under the statute. Some three years thereafter, in reviewing this last case, the court, in *Soulsby* v. *Neving,* 9 East, 310, practically overruled the former decision, and held that after the landlord had recovered in an action of ejectment he could still maintain an action of debt under the statute and recover for double the yearly value of the premises during the time the tenant held over after notice to quit. In *Ryal* v. *Rich,* 10 East, 7, the landlord had declared in debt, first, for the double value of the rent, and second for the use and occupation. The tenant tendered single rent before the action was brought and·paid into court the money, which plaintiff took out before the trial and still proceeded. It was held that this was no cause of non-suit as being a waiver of plaintiff's right to proceed for the double value; that the cause should have gone to the jury, and the plaintiff's going on with the action after taking the single rent was not evidence to show that he meant to waive his claim for double value, but that he merely accepted it *pro tanto.* This decision was quoted with approval in *Higgins* v. *Halligan,* 46 Ill. 173, where this court stated that "the doctrine is well established that accepting a sum tendered, if not accepted in full of all demands, does not preclude the party from proceeding for more." Freeman on Judgments (4th ed. sec. 259,) says that the best and most invariable test as to whether a former judgment is a bar is

to inquire whether the same evidence would sustain both the present and the former action.

The parties to this suit are not the same as to the suit on the appeal bond. There, only one of the appellants, and his bondsman, Loeffler, were parties defendant. Under the conditions of the appeal bond appellees could not have recovered in that case for double rent or for $20 per day liquidated damages. In *Wilson* v. *Hoffman,* 52 N. W. Rep. (Mich.) 1037, it was held that the judgment for rents and profits in ejectment was not a bar to an action in trover for the cutting and removing of standing timber from the premises by the defendant while in possession. In *Lehan* v. *Goode,* 62 Mass. (8 Cush.) 303, the court held that a judgment and satisfaction in an action on a bond given to dissolve an attachment constituted no defense to an action on a bond given, on appeal, to obtain a review of the action on which the attachment was made. In *Ackley* v. *Westervelt,* 86 N. Y. 448, it was argued that because the plaintiff sued on an appeal bond given in a forcible entry and detainer suit and recovered a judgment which had been paid, no further suit could be brought for rent not covered by the appeal bond but which had accrued during the withholding. The court held to the contrary, stating that the bond did not supersede the original lease between the parties or alter the terms upon which the defendants were holding the premises; that it operated as collateral security as far as it went; that the amount recovered on the suit on the appeal bond would go in diminution of what would otherwise be recovered in an action for rent, and to that extent should be applied *pro tanto.*

The action on the appeal bond in the forcible entry and detainer suit herein was commenced May 24, 1902, and this action was commenced four days later. It is manifest that in accepting the payment of damages in the suit on the appeal bond appellees did not intend to waive their claim for the double value of the rent or the $20 per day damages de-

clared for in this proceeding. Under the authorities cited, and upon principle, the suit on the appeal bond, and the payment of the judgment therein, cannot be held to have merged this suit in that judgment or to act as a bar to recovery herein. The following additional authorities tend to support these conclusions: *People* v. *Allen,* 86 Ill. 166; *Chicago Opera House Co.* v. *Paquin,* 70 Ill. App. 596; *Reilly* v. *Sicilian Asphalt Co.* 170 N. Y. 40; *Ex parte Bate,* 3 Deacon, 358; *Holmes* v. *Bell,* 3 M. & G. 118; *People* v. *Sylvester,* 22 Ch. Div. 98; *Gillespie* v. *Keator,* 56 Fed. Rep. 203.

Appellants also contend that they are not liable for the penalty of double rent, as they held over under a claim of right, and therefore not willfully. The plain meaning of the statute seems to require that the holding over must be willful, and the trial court so held. The authorities sustain this finding. (*Stuart* v. *Hamilton,* 66 Ill. 253; *Prickett* v. *Ritter,* 16 id. 96; *Chapman* v. *Wright,* 20 id. 120; 2 Taylor on Landlord and Tenant,—9th ed.—sec. 622.) The trial court, however, found that the holding over was willful. Appellants contend that the evidence does not support this finding. This was a controverted question of fact, and on such questions the judgment of the Appellate Court, when it approves the judgment of the trial court, is conclusive on this court. The only question that can be reviewed here is whether there is any evidence in the record fairly tending to support plaintiffs' cause of action. The weight of the testimony is not involved. *Chicago and Eastern Illinois Railroad Co.* v. *Snedaker,* 223 Ill. 395; *Chicago City Railway Co.* v. *Martensen,* 198 id. 511; *Blakeslee's Express Co.* v. *Ford,* 215 id. 230; *Poppers* v. *Meagher,* 148 id. 192.

It is also contended that the tenants are not liable for the double rental unless there was a written demand for possession by the landlord, and that the manifest weight of the evidence is that there was no service of such written demand. Here, again, the finding of the Appellate Court af-

firming that of the trial court as to the service of such notice is conclusive.

The further contention is made that the judgment is excessive. Ordinarily this court has nothing to do with the amount of the judgment when it has been approved by the Appellate Court. (*City of LaSalle* v. *Kostka,* 190 Ill. 130; *Chicago, Rock Island and Pacific Railway Co.* v. *Steckman,* 224 id. 500.) The basis upon which the trial court figured out the amount of this judgment has not been preserved. Counsel for appellants state that if there is evidence to show that the property was worth $176.85 a month rent, then the amount of this judgment can be sustained. There is evidence tending to show that it was worth more than this amount. It is true, this question is controverted; but here, as in the other questions noted above, this court cannot interfere on this point in the present state of the record. In this connection it is also contended that interest cannot be included in the finding. This point was not raised on the motion for new trial or in the assignment of errors and cannot now be raised on appeal. *Bank of Commerce* v. *Miller,* 202 Ill. 410; *Lasher* v. *Colton,* 225 id. 234; *Wickes* v. *Walden,* 228 id. 56.

Appellants also contend that even if they are liable, on the facts in this record, for the double rent, appellees cannot recover, as the premises were leased to Kolacek, and that if any rental is due, Kolacek is the one entitled to it. With this contention we do not agree. It will be noted that under the lease to Kolacek his term did not begin until April 1, 1901,—three months after the expiration of the appellants' lease. The contemporaneous agreement with Kolacek, heretofore referred to, provided specifically that the possession should not pass to Kolacek during the time appellees were prevented from delivering the possession of the premises by the action of appellants. The lease and agreement must be considered together, as they were executed at the same time. (*Wilson* v. *Roots,* 119 Ill. 379; *Gardt* v. *Brown,* 113 id.

475.) This conclusion does not conflict with that in *Gazzolo* v. *Chambers*, 73 Ill. 75, cited by appellants, the facts in the two cases being entirely different.

As the evidence justifies the finding of the trial court holding appellants liable for double rent, it is unnecessary for us to discuss the question whether the $20 a day provided in the lease should be considered as a penalty or as liquidated damages.

We find no reversible error in the record, and the judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*