## COVEY v. AMERICAN DISTILLING CO.

### No. 8054.

Circuit Court of Appeals, Seventh Circuit.
Jan. 9, 1943.

454

Irving S. Abrams and Joseph J. Karlin, both of Chicago, Ill., for appellant.

Joseph F. Bartley, Herbig Younge, and Thomas B. Kennedy, all of Peoria, Ill., for appellee.

Before SPARKS and MINTON, Circuit Judges, and LINDLEY, District Judge.

SPARKS, Circuit Judge.

Ira J. Covey, Jr., Trustee in Bankruptcy of Sam Zinn, filed this action for equitable relief to recover from the American Distilling Company $3,500 which Zinn had paid to appellee upon a contract entered into on the 27th day of November, 1936, by Zinn and appellee. The basis for the relief sought was that the contract was void and illegal. The District Court after a hearing decreed that the contract was neither illegal nor void and dismissed the complaint for want of equity. From this decree the plaintiff has appealed.

The facts, practically undisputed, are substantially as follows: On the date of contract and at all times since, appellee was a duly licensed manufacturer of alcoholic liquors under the Illinois Liquor Control Act and all Federal laws and regulations. Among other things the contract stated that Zinn, as buyer, would purchase, receive and pay for, and the appellee would sell and deliver to Zinn in Illinois, 1,000 barrels of whiskey for fifty cents per gallon. The contract provided that Zinn would pay $2,500 at the time of signing the contract, $1,000 every three months thereafter, and the balance within one year from the date of the contract. Zinn warranted in the contract that he was licensed and authorized to receive the whiskey, and agreed that he would continue to be duly licensed.[1] The terms of the seller's current standard warehouse receipt were incorporated in this contract. Such warehouse receipt contains the following provision: "The storage, handling, withdrawal and delivery of the property covered hereby shall be governed by and be strictly in accordance with all Federal, State and local laws and regulations and all applicable Codes and Marketing Agreements, from time to time in effect." The receipt further provided that appellee should "package distilled spirits covered by this receipt, before delivery, in bottles labeled and marked in accordance with law, or shall deliver such distilled spirits in bulk only to persons to whom it is lawful to sell or otherwise dispose of distilled spirits in bulk." Zinn made payments upon the contract as follows: De-

[1] "The Buyer hereby warrants to the Seller: That it is, and during the term of this contract will continue to be, duly authorized and qualified to purchase and receive said merchandise under all Federal, State and local laws and regulations and all Codes and Marketing Agreements applicable to the industry, all of which shall at all times govern the operations under this contract and the handling and disposal of said merchandise, and that its permits are: Federal * * *, State and Local * * *."

cember 26, 1936, $1,000; January 5, 1937, $1,500; March 19, 1937, $1,000.

After the execution of the contract and before the institution of this action, Zinn sold 400 barrels of said whiskey to Harry Postolic and received from him as part consideration therefor the sum of $3,283.77. That whiskey was never delivered from the possession of appellee, and Zinn retained his contractual interest in 600 barrels. Zinn was never at any time, before or after making the contract with appellee, the licensee of the Illinois Liquor Control Commission under the laws of the State of Illinois, and at no time had any license to deliver any alcoholic liquors in the State of Illinois. Since March 19, 1939, Zinn has paid nothing to appellee upon the contract. No whiskey was ever actually delivered to Zinn, nor does it appear that he ever received any warehouse receipts therefor. The theory of the petition is that the contract between Zinn and appellee was void ab initio because Zinn at no time was legally qualified to buy it, by virtue of 27 U.S.C.A. § 206 (a)(1)(2) and (c) and Illinois Revised Statutes 1939, Chapter 43, section 115 (a) (b).

█ The District Court held that the contract was a valid one, and we think that ruling was correct under the evidence. The contract was not a sale but a promise to sell under certain precedent conditions which required Zinn to qualify himself as a purchaser under the Federal, State and local laws. Appellee was at all times qualified to sell to a legitimate purchaser, and Zinn falsely warranted in the contract that he was then a qualified purchaser, and further promised that he would remain such until after the delivery. He never was qualified and never did qualify under Federal, State or local laws, nor did he make any effort to do so. Appellant's basis for recovery now is that he misrepresented the facts to appellee who relied upon those misrepresentations. There is not one word of evidence in this record that appellee then had knowledge that Zinn's representations were not true, and it really made no difference at that time because the contract provided that no liquor should be delivered to Zinn until he became a qualified recipient at the time of the delivery.

Appellent argues that the whiskey was purchased in December, 1936; that it was delivered in barrels to the Pekin Warehouse Company, and that that company issued its receipts to Zinn who pledged them to appellee. We find no such evidence in the record. It is here shown that in 1939 the whiskey was stored in the Pekin Warehouse Company's warehouse, and that was long after Zinn had defaulted in the terms of his contract. We are not informed as to where it was stored before that time. The record does not disclose that the warehouse issued any receipts to anybody. We assume, however, that it did issue such receipts in compliance with law, but so far as this record discloses they may have issued to appellee. In this respect appellant's conclusions are based upon pure assumptions. He assumes that there were receipts and that they were issued in Zinn's name, and that they provided that the whiskey should be delivered in bulk to Zinn. Upon these assumptions he concludes that Zinn could have received the whiskey in bulk by paying the balance and surrendering the receipts to the Pekin Warehouse Company. The conclusion is not sound because it lacks a factual basis.

Appellant relies upon Kahn v. Rosenstiel, D.C., 298 F. 656, a case involving the National Prohibition Act, under which the issuance of permits was very strictly limited. There neither the seller nor the buyer was eligible under the law to buy or sell intoxicating liquors, and neither could hold a lawful permit. For that reason the court held that both parties had agreed to perform an illegal act, and neither was eligible to a permit which could make it legal.

Appellee here relies upon Ciocca-Lombardi Wine Co. v. Fucini, 204 App.Div. 392, 198 N.Y.S. 114, affirmed in 236 N.Y. 584, 142 N.E. 293. That case was cited with approval in Kahn v. Rosenstiel, supra, and we think it is controlling in the case before us. Other cases are relied upon by appellant, but they are analogous to the Kahn case and are equally distinguishable from the facts in this case. We think the District Court's ruling in this respect was correct.

We are convinced that the District Court's ruling must be sustained for another reason. There appears in the evidence a transcript of the proceedings of a creditor's bill in equity in the case of Morris Sachs v. Zinn (who it is admitted is the bankrupt, Sam Zinn), which discloses the following facts: On September 13, 1938, Sachs obtained a judgment against Zinn in the Municipal Court of Chicago, Illinois, for $1,687.54. An execution

was issued on this judgment and a return of nulla bona was made. On August 7, 1939, Sachs filed a creditor's bill in equity against Zinn and the American Distilling Company in the Superior Court of Cook County, alleging the judgment, execution and return, and further alleging that the property or the credits of Zinn were in the control of the American Distilling Company. That company answered admitting the execution of the contract and the payment to it by Zinn of the sum of $3,500 on account of the agreement to purchase the whiskey (now in controversy). Sachs filed a replication alleging that at the time the contract was entered into, Zinn was not licensed under the Illinois law to purchase whiskey, hence the contract was illegal, and the American Distilling Company was indebted to Zinn in the amount of the deposit made by him. Thereupon, Zinn filed an answer admitting the execution of the contract and the payment of the money, and joined in Sachs' allegation that the contract was illegal. He demanded that the $3,500 be paid over by the Distilling Company to be applied first on Sachs' judgment and the balance to him.

It was stipulated by the parties to this case that the Honorable Grover C. Niemeyer, if present, would testify as follows, as indicated by a certificate signed by him and offered in evidence by appellee:

"The undersigned hereby certifies that he is one of the judges of the Superior Court of Cook County and that on the 6th day of February, 1940, and again on the 9th day of February, 1940, he heard the testimony and the arguments of counsel relative to the right of the plaintiff, Morris Sachs, as a creditor of the defendant, S. Zinn, to obtain a judgment against The American Distilling Company, a corporation, arising out of a deposit made by the defendant, S. Zinn, to The American Distilling Company, a corporation, to apply as part purchase money on a contract between the defendant, S. Zinn, and The American Distilling Company for the purchase of 1,000 barrels of whiskey.

"The undersigned further certifies that after a full hearing on the merits of the case, he decided the issues against the plaintiff and dismissed the complaint against the defendant, The American Distilling Company, a corporation."

The record before us discloses that a stenographic report of the argument in that case by the Distilling Company's counsel was introduced in evidence before the District Court in this case. That report discloses that practically all the points raised in this case were argued and raised in that case, including the question of validity of the contract.

■ After the proceedings in the Sachs case, Zinn, on his voluntary petition, was adjudicated a bankrupt, and his trustee instituted this action for the recovery of the $3,500 deposit which was sought in the Sachs case. So far as this record discloses Sachs is Zinn's only creditor. Upon this statement of facts we think the order of the Superior Court of Cook County in the Sachs case was a final order on the merits, and that it is res adjudicata as to the question here presented. Fyffe v. Fyffe, 292 Ill. App. 539, 11 N.E.2d 857; Pleimling v. Perry Pipe Co., 206 Ill.App. 623; Nestor Johnson Mfg. Co. v. Alfred Johnson Skate Co., 266 Ill.App. 130.

■ It is contended by appellant that other issues were presented in the Sachs case, and the record does not disclose that the court in the Sachs case based its ruling upon the issue here raised. There can be no doubt that the issue here presented was tendered in that case, and Judge Niemeyer said he decided the issues there presented. That being true, the burden was upon appellant to prove, if he so desired, that the validity of the contract before us was not determined in the Sachs suit. People v. Rickert, 159 Ill. 496, 42 N.E. 884; Wojtas v. Rachel, 267 Ill.App. 148; Birney v. Solomon, 348 Ill. 410, 181 N.E. 318.

■ It is urged by appellant that the evidence of Judge Niemeyer was improperly received. We are unable to agree with this contention, because it was merely confirmatory and explanatory of the decree and did not contradict or impeach it in any respect. People v. Burt, 267 Ill. 640, 108 N.E. 708, and cases there cited.

Under these circumstances we are convinced that the issue of validity now before us is res adjudicata by virtue of the former adjudication in the Superior Court of Cook County. Alexander v. Loeb, 230 Ill. 454, 82 N.E. 833; Godschalck v. Weber, 247 Ill. 269, 93 N.E. 241; and Central Investment Co. v. Melick, 267 Ill. 564, 108 N.E. 681.

Other questions raised by appellant are based upon the theory that the contract was invalid, and for that reason we find it unnecessary to discuss them.

Decree affirmed.