Chicago Railway Equipment Company, Appellee, v. National Hollow Brake Beam Company et al., Appellants.

Gen. No. 13,918.

1. APPEALS AND ERRORS—*effect of declaration of forfeiture pending appeal.* If the relief sought by the bill is a perpetual injunction restraining the declaration .of a forfeiture, upon which a temporary injunction is obtained, a declaration of forfeiture made pending an appeal dissolving such injunction and denying the relief sought, is made subject to be rendered nugatory upon the entry of a judgment of reversal.

2. APPEALS AND ERRORS—*power of trial court in carrying into effect mandate of Supreme Court.* Where the purpose of a bill is to obtain a perpetual injunction restraining a forfeiture, upon which a temporary injunction has been granted and erroneously dissolved, the trial court in carrying into effect the mandate of the Supreme Court recognizing the right to the relief sought, may conform its decree as well to the object of the Supreme Court as to the changed conditions resulting *pendente lite,* and thus give full effect to the judgment of the Supreme Court.

Bill in chancery. Appeal from the Superior Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Affirmed. Opinion filed June 16, 1908.

**Statement by the Court.** This is an appeal from a decree of the Superior Court entered in pursuance of a remanding order of the Supreme Court, which order is as follows:

"It is considered by the court that the judgment of the Appellate Court be reversed and the cause remanded to the Superior Court with directions to enter a decree finding there is due to the Brake Beam Company from the Equipment Company the sum of $19,624.50, together with interest on that amount at 5% per annum from the date of the former decree rendered in that court and decreeing the payment thereof within thirty days, and that in default the injunction be dissolved; and for such other and further proceedings as to law and justice shall appertain. It is further ordered that the appellants recover costs and have execution therefor."

This order follows substantially the opinion of the Supreme Court in the case. (226 Ill. 28-40).

The opinion of this court on the former appeal is reported in 123 Ill. App. 533, where the material facts are sufficiently stated. The same statement of facts precedes the opinion of the Supreme Court *supra.*

The decree of the Superior Court from which the present appeal is prosecuted provides *inter alia:* "That the decree of this court entered July 29, 1904, be and is modified in accordance with the directions

574    Appellate Courts of Illinois.

Vol. 141.]    Chicago Ry. Equip. Co. v. Natl. Hollow Brake Beam Co.

of the Supreme Court as follows: That there is due from the complainant the Equipment Company to the Brake Beam Company the sum of $22,322.87 and that unless the complainant pay to the clerk of this court for the benefit of the Brake Beam Company said sum within thirty days from the entry of this decree, the injunctions issued shall be dissolved; and except in the matter of the amount to be paid and the time and conditions of payment, the decree entered on July 29, 1904, stand and remain of record in full force and effect at all times hereafter as the decree of this court. And it appearing to the court that the complainant has paid to the clerk said sum of $22,322.87, as provided in this decree, it is ordered, adjudged and decreed that the Brake Beam Company, its officers, agents and servants, be and are perpetually enjoined and restrained as prayed in complainant's bill of complaint and supplemental bills of complaint, and that they do absolutely desist and refrain from *proceeding to enforce* a forfeiture of the agreement dated December 8, 1892, set out in said bill of complaint and from re-entering the demised premises described therein, from removing complainant therefrom and taking possession thereof or of any of the personal property of the complainant as prayed in the bill and supplemental bills of complaint." It appears that a notice had been served on the Equipment Company in the name of the Brake Beam Company "that a forfeiture had been declared of the lease given it by the Brake Beam Company, for non-payment of rent," etc. This notice was served November 9, 1904.

James E. Munroe, Defrees, Brace & Ritter, and Emil C. Wetten, for appellants.

H. H. C. Miller and W. S. Oppenheim, for appellee.

Mr. Justice Freeman delivered the opinion of the court.

Appellants have filed an elaborate argument in sup-

port of the contention that the decree of the Superior Court entered pursuant to the mandate of the Supreme Court is erroneous in view of what, as is claimed, were the changed conditions since the original decree of the Superior Court was entered, from which decree the former appeals to this and the Supreme Court were taken. That decree, after finding $19,624.50 with interest due from the Equipment Company to the Brake Beam Company, directed ''that unless the complainant shall in ten days from date of decree pay in court for the benefit of the Brake Beam Company such sum with interest and costs of suit, the defendants are given leave to proceed with the forfeiture of the lease and to fully enforce such forfeitures in accordance with the terms of the lease, and the injunction heretofore issued shall be and stand dissolved.'' It was further provided that upon payment into court by the Equipment Company of the sum stated within ten days, ''the defendants are forever enjoined from further proceedings under either of the notices of forfeiture aforesaid.'' It is said that at the time the original decree of the Superior Court was entered ''there was only a threatened forfeiture,'' the declaration of which was enjoined; and that at the time the last decree was entered the forfeiture had been declared and had become a consummated and established fact. It is argued that the Superior Court ''should have pursued either one of two courses;'' either ''literally followed the remanding order and gone no further—stopped there and said nothing more —or else should have recognized and acted fully upon the change in conditions;'' that it should have done no more than fix the amount due from the Equipment Company to the Brake Beam Company and decree its payment and should have left all other matters open for further adjudication.''

The ground upon which this contention of the Brake Beam Company is based is that on November 9, 1904, when a forfeiture of the lease to the Equipment Com-

576     APPELLATE COURTS OF ILLINOIS.

VOL. 141.]    Chicago Ry. Equip. Co. v. Natl. Hollow Brake Beam Co.

pany was declared pending the former appeal, more than ten days had elapsed after the entry of the decree of the Superior Court from which that appeal was taken and that the Equipment Company not having then paid the $19,624.50 within the ten days from its date fixed by that decree, and having prayed an appeal from that decree without obtaining an order continuing the injunction in force, (R. S. chap. 69, section 21) said injunction "had ceased to be in force and effect" and the Brake Beam Company was therefore entitled to declare and to enforce a forfeiture as it undertook to do; that the appeal did not have the effect of continuing the injunction in force beyond the ten days. It is claimed that the part of the decree which dissolved the injunction unless the Equipment Company paid the money into court within the ten days was self-executing. It appears that the Equipment Company prayed and was allowed an appeal to this court from that decree and filed its appeal bond of $30,000 within the ten days from entry of the decree. This court reversed the decree of the Superior Court and entered a decree here granting an injunction against the Brake Beam Company. The judgment of this court reversing the decree of the Superior Court was reversed by the Supreme Court, but in the remanding order that court recognized there was an injunction existing and still in full force and effect. That remanding order finds the sum fixed in the original decree appealed from to be due the Brake Beam Company from the Equipment Company, directs a decree for its payment within thirty days from the entry of such decree, "and that in default the injunction be dissolved." If there was no injunction then in force restraining the enforcement of a forfeiture there would have been no occasion so to provide for its dissolution in case of such default.

The original bill of the Equipment Company prayed an injunction restraining the defendants from proceeding to declare a forfeiture, and from re-entering

the demised premises. The relief sought was a perpetual injunction. The temporary injunction granted was, as said in Lambert v. Alcorn, 144 Ill. 313-330, "a mere ancillary writ which the complainant was at liberty to apply for or not as he saw fit. Its only object was to preserve the *status quo* until a final hearing could be had." It is therefore unimportant to consider the precise effect of the appeal from the original decree of the Superior Court upon that temporary injunction. The purpose of the bill was to obtain a permanent injunction. Pending the final determination of that question whatever action the appellant company took pending the appeal was, as further said in Lambert v. Alcorn *supra,* "at the risk of having his acts *pendente lite* declared illegal and of being compelled to restore everything to the condition in which it was at the commencement of the suit." See also New Haven Clock Co. v. Kochersperger, 175 Ill. 383-395. If in the case at bar appellee was entitled to have upon its bill, as originally filed, a perpetual injunction restraining a forfeiture of the lease, it is entitled to such injunction without reference to whether the original temporary injunction granted by the Superior Court was or was not dissolved by the decree of that court pending the appeal therefrom to this and finally to the Supreme Court. The material thing is that the Supreme Court found appellee entitled to an injunction upon payment of the amount found due from it to the appellant Brake Beam Company, that it found such an injunction in force and directed in effect that upon making such payment it should continue in force. That the perpetual injunction entered by this court was in force pending the appeal to the Supreme Court can scarcely be questioned. That injunction, so far as appears, has been in no way dissolved. It appears to be recognized as in full force and effect by the mandate of the Supreme Court. It restrains appellants from proceeding to enforce a forfeiture, "from re-entering the demised premises,"

and from "taking possession thereof or any of the personal property" of the Equipment Company. The decree of the Superior Court now appealed from is in conformity to that injunction and is pursuant to the mandate of the Supreme Court. We find in it no error.

The conclusion stated makes it unnecessary to consider at length appellants' contentions that the alleged forfeiture of November 9, 1904, was legal and valid. Finding no error the decree of the Superior Court will be affirmed.

*Affirmed.*