(No. 11007.)

ALBERT MOSES, Appellee, *vs.* THE ROYAL INDEMNITY
COMPANY, Appellant.

*Opinion filed December 21, 1916.*

1. PRACTICE—*when alleged invalidity of statute is not ground
for direct appeal.*  A case cannot be brought by appeal or writ of
error directly to the Supreme Court as involving the validity of a
statute unless the record shows that the question was in some way
presented to the trial court for its decision.

2. BONDS—*parties signing stay-bond are estopped from assert-
ing invalidity of statute under which it is given.*  Parties who vol-
untarily sign a bond for a stay of execution under the provisions of
section 23 of the Municipal Court act, and thereby obtain the stay
of execution until the judgment has been reviewed on appeal, are
estopped to assert that said section 23, under which the bond was
given, is invalid or to deny the binding obligation of the bond itself.

3. SAME—*when section 23 of the Municipal Court act, provid-
ing manner of delivering stay-bonds, must govern.*  Section 23 of
the Municipal Court act, which provides that a bond given on a
stay of execution shall be delivered to the clerk of the municipal
court and be by him filed, must govern as to the delivery, where
the obligors, by their voluntary execution of the bond, are estopped
from questioning the constitutionality of such statute.

4. SAME—*stay-bond need not be personally delivered by obligor
to obligee.*  A stay-bond need not be personally delivered by the
obligor to the obligee in order to give it legal existence, provided
there is an intent of the obligor, coupled with acts and words
evincing the same, to perfect the instrument and make it at once
the absolute property of the obligee.

APPEAL from the Municipal Court of Chicago; the
Hon. WILLIAM N. GEMMILL, Judge, presiding.

LAWTON & PETERSON, for appellant.

SAMUELS & SAMUELS, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a suit brought by appellee in the municipal
court of Chicago against the Royal Indemnity Company
and Lazar Jacobsohn upon a bond of $1000, to stay exe-

cution on a judgment obtained by appellee in the munici-
pal court of Chicago against Lazar Jacobsohn for $500
and costs of suit. A writ of error was sued out from the
Appellate Court to review such judgment in the municipal
court, and the bond in question was filed, under the pro-
visions of section 23 of the Municipal Court act, to stay
execution upon said judgment for ninety days. The Royal
Indemnity Company first filed a motion to strike appellee's
statement of claim on the ground of its insufficiency. This
motion was overruled, and thereafter the company filed an
affidavit of merits, which on motion of the appellee was
stricken. The company elected to stand by such affidavit,
and the court gave judgment for $500 and costs for appellee
on default. This appeal was taken by the Royal Indemnity
Company directly to this court from that judgment on the
ground that the validity of section 23 of the Municipal
Court act is involved.

It is insisted in the brief of counsel for appellee that the
validity of section 23 of the Municipal Court act cannot be
raised here because the question was not raised on the trial
in the municipal court and was not covered by the assign-
ment of errors in this court. (*Masonic Fraternity Temple
Ass'n* v. *City of Chicago,* 217 Ill. 58; *Griveau* v. *South
Chicago City Railway Co.* 213 id. 633.) Since appellee's
brief was filed counsel for appellant have obtained leave
from this court to assign errors here raising the constitu-
tional question. A case cannot be brought by appeal or
writ of error directly to this court as involving the validity
of a statute unless the record shows that the question was
in some way presented to the trial court for its decision.
(*Lee County* v. *Commissioners of Highways,* 164 Ill. 574;
·*Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v.
*McGrath,* 195 id. 104; *Cummings* v. *People,* 211 id. 392.)
Nothing is found in the motions or affidavit of merits that
questions, in terms, the constitutionality of said section 23
of the Municipal Court act. The affidavit of merits, how-

ever, filed by appellant states, among other things, that the trial court was without power or jurisdiction to stay said execution and that therefore said bond was without consideration and null and void. Under that objection the constitutionality of said section might have been raised in the trial court, (*Wolf* v. *Hope,* 210 Ill. 50; *Christy* v. *Elliott,* 216 id. 31; *Shepherd* v. *City of Sullivan,* 166 id. 78;) and counsel for appellant insist that it was so raised.

In our view of the law as applied to this case we do not deem it necessary to consider or decide whether section 23 of the Municipal Court act is unconstitutional. The consideration for the bond in the case at bar is stated in the bond itself, and the obligors not only received the full consideration of the stay of execution, but also the opportunity of having the said judgment reviewed in the Appellate Court, which resulted in a judgment against appellant, as set forth in the statement of claim. This is not denied in any way on this record by appellant. The bond was voluntarily executed, the effect of which was to stay the proceedings on the judgment. This was sufficient legal consideration. The general rule is, that by executing such a bond, and thereby obtaining the contemplated benefits pending the disposition of the appeal, the parties may estop themselves from asserting certain defenses to liability upon the bond, the appellant having obtained by such bond all that he stipulated for therein. (4 Corpus Juris, 1269, 1270, and cited cases.) In the case of *Daniels* v. *Tearney,* 102 U. S. 415, a question similar to that raised here was involved. It was conceded there that the law in question was unconstitutional. The court said (p. 421): "It is well settled as a general proposition, * * * that where a party has availed himself, for his benefit, of an unconstitutional law, he cannot, in a subsequent litigation with others not in that position, aver its unconstitutionality as a defense. * * * In such cases the principle of estoppel applies with full force and conclusive effect." (See, also, *Stevenson* v. *Morgan,* 67

Neb. 207; *Board of Children's Guardians* v. *Shutter,* 139 Ind. 268.) This court has also held that the obligors on an appeal bond are estopped to deny the recitals of the bond. (*Harding* v. *Kuessner,* 172 Ill. 125.) In such case the principle of estoppel is clearly applicable. (*Smith* v. *Whitaker,* 11 Ill. 417.) One signing the bond cannot be heard to say that an appeal bond is a nullity or question the truth of the recitals in the bond that the appeal was obtained thereby. The obligor is bound by such recitals in the bond. (*Meserve* v. *Clark,* 115 Ill. 580.) The giving of this bond being neither prohibited by statute nor contrary to public policy, it is a common law obligation. The defendant, and his surety by signing this bond, obtained all the benefits of the bond. They are both now estopped from denying its binding obligation. ·*Mix* v. *People,* 86 Ill. 329; *Courson* v. *Browning,* 78 id. 208; *George* v. *Bischoff,* 68 id. 236.

It is further contended by counsel for appellant that the bond in this case was filed with the clerk of the municipal court and that said bond was never delivered to the plaintiff or any person for plaintiff's use, and therefore it is invalid. Said section 23 of the Municipal Court act provides that a stay of execution bond shall be delivered to the clerk of the municipal court and by him filed. As counsel cannot raise the constitutionality of this section of the statute the statute must govern. There is no precise or set form in which the delivery of such bond must be made, in the absence of a statutory provision governing the same. The essence of the question whether there has been a delivery consists in the intent of the obligor to perfect the instrument and make it at once the absolute property of the obligee, and where there is such an intent, coupled with acts or words evincing the same and showing the intention to consummate and complete the bond and to part absolutely and unconditionally with it and the right over it, it will be given legal existence. It need not be personally delivered by the obligor to the obligee. (5 Cyc. 740, and cited cases.) The

Maryland case cited by counsel for appellant is not in harmony with the weight of authority on this question.

The amount of the judgment was not excessive.

We find no error in the record. The judgment of the trial court will therefore be affirmed.

*Judgment affirmed.*