The People ex rel. Empress Farms, Inc., Relator-Appellant, v. The United States Trotting Association, Defendant-Appellee.

(No. 11991;

Fourth District—August 1, 1973.

Giffin, Winning, Lindner, Newkirk & Cohen, of Springfield, (Herman G. Bodewes, of counsel,) for appellant.

Drach, Terrell & Deffenbaugh, of Springfield, for appellee.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

This is an epilogue to an opinion which became final on denial of leave to appeal by the supreme court. (1 Ill.App.3d 147, 273 N.E.2d 61.) Our mandate was filed in the trial court on February 8, 1972. In that case, the trial court had directed the Trotting Association to return the

winner's purse to the Illinois Director of Agriculture and directed him to deliver the purse to Empress Farms.

Upon redocketing in the trial court, the Trotting Association did not comply with the mandate of this court. Empress Farms filed its motion for judgment on the appeal bond requesting judgment in the amount, interest and costs. The amount of the judgment is $14,883 and the cost $56. At the hearing on the motion, the judgment amount and cost were paid in open court on April 21, 1972. This tender was accepted by the plaintiff "subject to any right of interest accruing from July 9, 1969". It is the defendant's position that no interest is due in this mandamus proceedings for the reason that interest on judgment is purely statutory and did not exist at common law (*Pinkstaff v. Pennsylvania R.R. Co.*, 31 Ill.2d 518, 202 N.E.2d 512), and that a judgment in mandamus is not included within the terms of our statute allowing interest "when a judgment is entered upon any award, report or verdict." (Ill. Rev. Stat. 1971, ch. 74, par. 3.) It is the position of Empress Farms that the $14,883 was a purse provided for the winner of a race at the Illinois State Fair in 1965, that the Illinois Secretary of Agriculture had received the fund and delivered it to the United States Trotting Association when a dispute arose over the winner of the race. The trial court directed the Trotting Association to deliver that fund to the Illinois Director of Agriculture and he, in turn, deliver it to Empress Farms. Upon the entry of the trial court's order in the mandamus proceedings, the defendant had the option of either paying 6% per annum under the judgment statute or of tendering the payment of the judgment into court along with the cost. This would have been without prejudice to the right to the appeal which they took. Instead the Trotting Association furnished a bond which read in part: "We jointly and severally agree to pay to the above judgment creditor any part of a judgment which is not reserved, and *interest*, damages and cost." (Emphasis supplied.) Instead the Trotting Association prosecuted its appeal and had the use and benefit of this "purse" during the course of that appeal. The Trotting Association likewise could have recused itself from any further litigation by delivering the purse as required by the court order to the Illinois Director of Agriculture for appropriate disposition by him. It should be here noted that he did not join in the first appeal.

In *Tracey v. Shamley*, 311 Ill.App. 529, 36 N.E.2d 753, interest is defined as follows: "Interest is defined to be the compensation which is paid by debtor to his creditor in recompense for his detention". While we readily concede that normally the judgment statute refers to a specified sum which the creditor recovers from the debtor and if unpaid is followed by execution, the stark naked fact remains that in this man-

damus proceedings it was the judgment of the court that the Trotting Association deliver to the Illinois Director of Agriculture a specified sum of money. The question of interest in mandamus proceedings is discussed in 73 A.L.R.2d at p. 923. In a case there noted, the writ of mandamus was itself a complete remedy and "gave the party all he was entitled to, and therefore it could not be said that he was entitled to damages other than the amount of interest as above indicated". A Montana court took a different view and held that interest on unpaid warrants was no part of a mandamus suit. In the case at bar, we find some difficulty in drawing any distinction of substance between an order of the court directing a defendant to pay a third party a specified sum of money and a money judgment directing that A have and recover from B the sum of x-dollars and have execution therefor. The terms used in our judgment statute are sufficiently broad to cover the payment of interest in a mandamus suit which requires the delivery of a specified sum.

In addition, the Trotting Association on their first appeal presented a bond stating that it "agreed to pay to the above judgment creditor any part of the judgment which is not reserved, and *interest,* damages and cost." "One who signs a bond and therefore obtains benefits therefrom is estopped to deny its binding obligation and the truth of the recitals therein and this rule applies to the surety of a bond as well as the principal * * *." The general rule is applicable to a bond given on appeal or other review where such bond secures a stay of a judgment or a decree. Where a judgment is recited in an appeal bond the parties are estopped from questioning the judgment either as to its existence or its validity. (I. L. P. 18, Estoppel, par. 6; *Moses v. Royal Indemnity Co.* 276 Ill. 177, 114 N.E. 554.) The defendant obtained through the appeal bond a stay of enforcement of a mandamus writ. Under the decisions above recited, the defendant is obligated to pay interest from the date of the original judgment in the trial court to the date of its tender of the $14,883 and cost. The order of the trial court denying such interest is in error.

Accordingly, the judgment of the trial court is reversed and the cause remanded to that court with directions to enter judgment in accordance with the views herein expressed.

Reversed and remanded.

TRAPP and SIMKINS, JJ., concur.