FLOYD K. RHODES, Plaintiff-Appellee, *v.* VINCENT A. SIGLER *et al.*, Defendants-Appellants.

(No. 74-170;

Third District—March 31, 1975.

Sidney S. Deutsch, of Rock Island, and John Ames, of Moline, for appellants.

Allan G. Blackwood and Ira J. Melaas, Jr., of Van Der Kamp and Crampton, both of Rock Island, for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

Plaintiff, alleged tenant of defendants' farmlands, brought action for possession against the defendants under the Forcible Entry and Detainer

Act (Ill. Rev. Stat. 1973, ch. 57) for their failure to have given him timely written notice of termination of their oral lease. The cause was tried without a jury. Defendants appeal from a judgment entered for plaintiff by the Circuit Court of Henry County; they ask that judgment be entered for them.

The question at issue in the circuit court was whether the oral agreement between the parties constituted a lease for a fixed term of 1 year, expiring February 28, 1974, so that no notice to quit by that date was necessary, as defendants contend; or whether, as plaintiff argues, it constituted at its inception a year-to-year tenancy of farmlands (Ill. Rev. Stat. 1973, ch. 80, par. 5.1), requiring, for effective termination on February 28, 1974, a 4-month advance written notice to quit. It is admitted that no written notice was given and that farmlands are involved.

There was considerable conflicting evidence before the circuit court as to the substance of conversations between the parties and others on the matter of whether the litigants here intended and agreed, at the outset, upon a lease for a fixed 1-year term, or upon one for an indefinite duration with annual reservations of rents. Defendants argue that the circuit court's conclusion in favor of plaintiff on this issue is not supported by the greater weight of the evidence, or by the law.

■■ A court of review may not weigh evidence for the purpose of determining questions of preponderance. We may not disturb the findings of the circuit court unless those findings are manifestly without support. In determining that question we may not, in instances of conflicting testimony, substitute our judgment for the judgment of the circuit judge as to who are the more credible witnesses; and where, as here, several reasonable inferences are possible from conflicting testimony, we are obligated to accept those which support the trial court's order. (*Brown v. Zimmerman*, 18 Ill.2d 94, 163 N.E.2d 518 (1959); *Atlee Electric Co. v. Johnson Construction Co.*, 14 Ill.App.3d 716, 303 N.E.2d 192 (1st Dist. 1973); *People ex rel. Porten v. Geske*, 119 Ill.App.2d 152, 255 N.E.2d 753 (2nd Dist. 1970).) Regardless of whether we, as triers of fact, might have come to a different conclusion, it is our judgment that the determination made by the circuit court on this issue has sufficient evidentiary support, that an opposite conclusion is not clearly evident, and that we are required to leave it undisturbed.

■■ Moreover, the cases do not support defendants' thesis that a year-to-year tenancy may arise, as a matter of law, solely by way of holdover following the expiration of a lease for a definite term of 1 or more years. Where one is given possession under a parol agreement for an indefinite term with annual reservations of rent, as appears to have

been found the fact here, then a tenancy from year to year is created. *Seaver Amusement Co. v. Saxe*, 210 Ill.App. 289, 297 (1918); 49 Am. Jur.2d *Landlord and Tenant* § 70 (1970).

 Defendants argue that if the oral lease agreement be deemed one of indefinite duration from year to year, then it is invalid and unenforceable, as a matter of law, as being violative of the Statute of Frauds (Ill. Rev. Stat. 1973, ch. 59, par. 1). The argument misconceives the character of a year to year tenancy. Such a tenancy is essentially a letting that will be completely performed within each year it is allowed to continue by failure to give the statutory notice required (Ill. Rev. Stat. 1973, ch. 80, par. 5.1). *Bell v. Groom*, 224 Ill.App. 58 (1922); *Bellows v. Ziv*, 38 Ill.App.2d 342, 187 N.E.2d 265 (1st Dist. 1962).

The judgment of the circuit court is affirmed.

STOUDER and ALLOY, JJ., concur.