FLOYD K. RHODES, Plaintiff-Appellee, *v.* VINCENT A. SIGLER *et al.*, Defendants-Appellants.

Third District   No. 76-128

Opinion filed November 30, 1976.

Deutsch & Deutsch, of Rock Island (Sidney S. Deutsch, of counsel), for appellants.

Alan Blackwood, of Rock Island, for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

This case is a sequel to an earlier decision in which we affirmed a judgment awarding the plaintiff-tenant possession for the crop year 1974 of farmlands owned by the defendants. (*Rhodes v. Sigler* (3d Dist. 1975), 27 Ill. App. 3d 1, 325 N.E.2d 381.) The circuit court's finding that the tenant's oral year-to-year lease had not terminated was held to be supported by the law and the evidence. During the course of the defendants' appeal, execution of the circuit court judgment was stayed by the defendants filing a supersedeas bond of $7,200. Then, in the fall of 1974, while the stay of execution was in effect, the defendants gave the plaintiff the proper statutory notice that the year-to-year tenancy would expire on February 28, 1975. Our mandate, affirming the circuit court order, was filed with the circuit clerk on June 9, 1975. Since the term for which possession had been awarded had already expired, the plaintiff, by ancillary proceedings in the same cause, sought execution of the order by a petition for restitution of the amounts by which the defendants were unjustly enriched during the period of supersedeas when possession was unjustly withheld. There were no sureties on the bond and no additional parties were noticed. The defendants filed a motion to strike the supplemental petition and a written jury demand. The circuit court struck the jury demand, denied the defendants' motion to strike and ordered the defendants to answer the plaintiff's petition. After a bench trial on the supplemental petition and answer the circuit court assessed damages to the plaintiff at $15,431. The defendants appeal from that order. We affirm.

■■ The law is clear that upon receiving a mandate, after affirmance by the appellate court, the circuit court is revested with jurisdiction to proceed with the execution of its judgment and for such other proceedings in aid thereof as it shall deem necessary for enforcement as though no appeal had been taken. (Ill. Rev. Stat. 1973, ch. 110A, par. 369(b).) Although a cause of action cannot be reinstated in the trial court after the reviewing court enters judgment and directs execution thereof (*First National Bank v. Hahnemann Institutions of Chicago, Inc.* (1934), 356 Ill. 366, 190 N.E. 707; *Watkins v. Dunbar* (1925), 318 Ill. 174, 149 N.E. 14), this appellate court, in the first appeal, did not enter a judgment. Instead, this court affirmed the trial court's judgment, awarded costs to the plaintiff-appellee and ordered execution of both the award and the trial court judgment. The exact language of the mandate was as follows:

> "The judgment of the Henry County Circuit Court be affirmed and it is further ordered by the court that said Appellee recover from Appellants his costs and that he has execution therefor."

This court's opinion in the first appeal also indicates that the disposition of the case was an affirmance and not a substitution of judgments. (*Rhodes v. Sigler* (3d Dist. 1975), 27 Ill. App. 3d 1, 325 N.E.2d 381.) Therefore, the circuit court had jurisdiction to execute the judgment.

In addition, the circuit court, to prevent unjust enrichment and to enforce the order, should see to it that restitution or reimbursement called for by the purport of the mandate is made. (6 Nichols, Illinois Civil Practice §6553 (1975). See also 5 Am. Jur. 2d *Appeal and Error* §1000 (1962).) In an Illinois Supreme Court decision, *Thompson v. Davis* (1921), 297 Ill. 11, 130 N.E. 455, *rev'g Calumet and Chicago Canal & Dock Co. v. Davis* (1st Dist. 1920), 218 Ill. App. 176, a mortgagee had purchased property at a foreclosure sale and later sold it. After the Supreme Court reversed both the trial and appellate courts on the decree of foreclosure, the mortgagee was compelled to make restitution to the morgagor. Furthermore, restitution should be allowed even if that requires some latitude because of changed conditions pending review. (6 Nichols, Illinois Civil Practice §6572 (1975).) In *Chicago Railway Equipment Co. v. National Hollow Brake Beam Co.* (1st Dist. 1908), 141 Ill. App. 572, it was determined that even though the trial court's temporary injunction had been dissolved and the defendant had declared a forfeiture of the lease, the plaintiff by reason of a subsequent Illinois Supreme Court mandate, had 30 days to pay the amount due the defendant and, thereby, to become entitled to a permanent injunction preventing the forfeiture of the lease. The appellate court in the second appeal, concluded that the defendant took its action during the first appeal at the risk of having those acts declared illegal and of being forced to restore the relation of the parties to the conditions as they existed at the commencement of the suit.

The trial court's right and duty to enforce restitution is not dependent on any direct order for restitution by the appellate court (5 Am. Jur. 2d *Appeal and Error* §1000 (1962)) and neither is it dependent upon enforcement in another suit of the contractual undertaking of a supersedeas bond, where, as here, no action or liability is assessed against a surety.

■■ The defendants object that the plaintiff's method for seeking enforcement of the judgment, *i.e.*, recovering damages under a petition for the assessment of damages after jurisdiction was revested in the trial court, was improper. The defendants correctly point out that the Forcible Entry and Detainer Act does not allow an action for damages, other than rents, to be joined to an action for possession of the property under the Act. (Ill. Rev. Stat. 1973, ch. 57, par. 5.) And since, the defendants' argument continues, an action on the appeal bond is the basis of the plaintiff's petition, a completely new suit must be initiated to enforce the bond. If this were the law, the result could very well be a never ending series of litigation and appeal. Every new action to enforce an appeal bond could itself be appealed with a new appeal bond being issued to stay the enforcement of that judgment. Moreover, in *People ex rel. Empress Farms, Inc. v. United States Trotting Association* (4th Dist. 1973), 13 Ill. App. 3d 327, 300 N.E.2d 18, the plaintiff was allowed to enforce the appeal bond on a motion for judgment on the bond after an affirmance by the appellate court and the issuance of its mandate had returned jurisdiction to the trial court. Even though *Empress Farms* is distinguishable from this case because the original judgment was for a specified sum of money and it did not involve an action under the Forcible Entry and Detainer Act, that case indicates that the enforcement of an appeal bond may be utilized as a method of enforcing the judgment in the same proceeding and does not necessarily require that a separate suit be filed. In the situation presented here, enforcement of the appeal bond was the only method available to the trial court to execute the judgment. It is the function of the appeal bond to secure the judgment. *Alexander v. Loeb* (1st Dist. 1907), 133 Ill. App. 556, *aff'd*, 230 Ill. 454, 82 N.E. 833 (1907).

■■ However, not only does the appeal bond in a forcible entry and detainer action secure the judgment, but it also secures the costs, rents, and damages and losses which may be incurred during appeal by the failure of the unsuccessful party to surrender possession of the property. (Ill. Rev. Stat. 1973, ch. 57, par. 20.) And although an obligor's liability is determined by the terms of the appeal bond (*Mix v. Singleton* (1877), 86 Ill. 194), *Empress Farms* indicates that the face value of the bond is not the limitation of liability. In that case the judgment was for $14,833. This was also the face value of the appeal bond. But since the appeal bond

recited that, if the obligors were unsuccessful on appeal, the bond was to secure the costs and interest as well as the judgment, the obligors were found liable for costs of $56 and interest accruing during the appeal, as well as the amount of the judgment. In forcible entry and detainer actions, the statutory requirement that the defendant pay all damages from the wrongful withholding are deemed a part of the bond. (*Rosewood Corp. v. Transamerica Insurance Co.* (1st Dist. 1972), 8 Ill. App. 3d 592, 290 N.E.2d 656.) Furthermore, the amount of $7,200 which is set out as the limit of liability under the language in the supersedeas bond, while it would be determinative in respect to the extent of a surety's exposure, is not a limitation on the liability of the principal for restitution but is a condition imposed for supersedeas only. (35 Am. Jur. 2d *Forcible Entry and Detainer* §56 (1967).) An appeal bond is security for, but does not limit, the amount of the recovery. *Alexander v. Loeb* (1st Dist. 1907), 133 Ill. App. 556, *aff'd*, 230 Ill. 454, 82 N.E. 833 (1907).

■■ In the case at bar, the inquiry in the supplemental proceeding was limited to the issue of the net amount the defendants received from the farmlands during the 1974 crop year which were in excess of the amounts they were justly entitled to have received, under the plaintiff's lease, for cash rent. The measure of damages in an appeal bond in forcible entry and detainer actions is generally the value of the use and occupation of the premises, or its fair rental value. (*Rehm v. Halverson* (1902), 197 Ill. 378, 64 N.E. 388.) However, the fair rental value is not necessarily determined by the amount of rent which was being paid prior to the judgment, and the trier of fact can determine the fair rental value of the land during the period possession was withheld. (*Keegan v. Kinnare* (1887), 123 Ill. 280, 14 N.E. 14.) Once the rental value of the land is determined, it is to be reduced by the amount of rent which the plaintiff agreed to pay but which he did not pay because of the breach in the lease. (*Greene v. Williams* (1867), 45 Ill. 206; *Cilley v. Hawkins* (1868), 48 Ill. 308.) In this case, the trial court allowed the loss of profits to the plaintiff to be a part of the measure of damages.

■■■ It has long been the law in Illinois that lost profits can be a measure of damages where a business is interrupted, but to properly prove a loss of profits, the business must have been established prior to the interruption so that lost profits were not speculative. (*Chapman v. Kirby* (1868), 49 Ill. 211; *Favar v. Riverview Park* (1908), 144 Ill. App. 86.) Nevertheless, the profits from the operation of a farm have been considered speculative for reasons other than the length of time the farmer has been "in business," for growing crops are subject to a number of contingencies. (*City of Chicago v. Huenerbein* (1877), 85 Ill. 594.) On the other hand, modern farming has become a business, predictable except for weather. Even so, in certain cases, such as losses resulting from

hail, crop losses are insurable. Moreover, in the present case, the crops were not destroyed or prevented from growing. The crops were in fact grown by the defendants and valued by the trial court. Furthermore, evidence was placed before the trial court indicating the ability and experiences of plaintiff as a farmer, as well as his expenses and income for the previous year. Since absolute mathematical certainty is not required to fix the amount of damages (*Meyer v. Buckman* (2d Dist. 1955), 7 Ill. App. 2d 385, 129 N.E.2d 603), sufficient facts were presented for the trial court to determine that the plaintiff was no worse a farmer than the defendants and therefore, to determine the profits which the plaintiff was likely to make during the period possession was withheld. The findings of the circuit court will not be disturbed unless those findings are manifestly without support, regardless of what conclusion we might have reached as the triers of fact. *Brown v. Zimmerman* (1959), 18 Ill. 2d 94, 163 N.E.2d 518; *Rhodes v. Sigler* (3d Dist. 1975), 27 Ill. App. 3d 1, 325 N.E.2d 381.

■■ ■ Where no jury demand had been filed prior to trial and judgment, no error was made in striking a jury demand filed after the affirmance in connection with supplemental proceedings to provide restitution. The defendants failed to file a timely jury demand. (Ill. Rev. Stat. 1975, ch. 110, par. 64.) Therefore, they cannot now object to the denial of their belated demand. *Trapani v. Trapani* (4th Dist. 1969), 109 Ill. App. 2d 202, 248 N.E.2d 294.

■■ We also conclude that no error was made in the trial court's refusing the defendants' oral request for change of venue to a different judge made in the middle of the hearing on the supplemental proceeding. Ill. Rev. Stat. 1975, ch. 146, par. 1; ch. 110, par. 8(2).

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

ALLOY, P. J., and STOUDER, J., concur.