**YOUNG & SIMON, INC., Appellant,**

v.

**Aaron C. BROWN, Sr., et al., Appellees.**

No. 11717.

District of Columbia Court of Appeals.

Argued June 14, 1977.

Decided May 22, 1978.

Samuel Intrater, Washington, D. C., with whom Albert Brick, Washington, D. C., was on the brief, for appellant.

Ely Hurwitz, Washington, D. C., for appellees.

Before GALLAGHER and NEBEKER, Associate Judges, and PAIR, Associate Judge, Retired.

GALLAGHER, Associate Judge:

This appeal involves the procedure for supersedeas bond enforcement in this jurisdiction.

The case stems from *Brown v. Young*, D.C.App., 364 A.2d 1171 (1976). We there affirmed a judgment of possession which had been obtained by the landlord in the Landlord and Tenant Branch of the trial court. In that case we granted a stay pending appeal conditioned upon an appropriate protective order to be set in the trial court. That court ordered the defendants (the tenants) to pay back rent plus the existing rent of $1,250 per month. The court also ordered a total supersedeas bond in the amount of $4,500 "to indemnify the plaintiff against any loss incurred by the plaintiff as a result of the appeal herein, in the event that plaintiff prevails on the appeal." Plaintiff did in fact prevail as this court later affirmed the judgment of possession which had been entered in the trial court. The landlord (appellant) then filed the Motion for Judgment upon which this appeal is based.

Prior to the issuance of the protective order, appellant submitted two affidavits, one from a real estate agent and one from a Dennis T. Kao, both asserting that Mr. Kao was "ready, willing and able to rent the premises for the sum of $1,650.00 per month." This sum was $400 in excess of the rent then being paid by appellee Brown.[1] As indicated, the protective order required payment of the existing rent ($1,250 per month).

The motion for judgment sought the sum of $4,450 due to loss of rentals during the

---

1. Travelers Indemnity Co., as surety, was made a co-defendant in the trial court.

pendency of the appeal, the loss alleged being the difference between the $1,650 which assertedly was offered and the monthly rental of $1,250 which actually was obtained from appellee Brown. After a hearing on the motion for judgment, the trial court released the supersedeas bond to the defendants (appellees). The trial court concluded that, in relation to actions to recover possession of real estate, Super.Ct. Civ.R. 62–I is designed (a) to indemnify an appellee against damage to the property itself and (b) to compensate for its use and occupation from judgment to resolution of the appeal. It further concluded that plaintiffs had been equitably compensated for the use of the premises by receipt of the rent required by the protective order throughout the pendency of the appeal. In so ruling, the court stated, "while it may be true that plaintiffs have sustained some loss, this Court holds that the proper forum to pursue such an action is in the Civil Branch of this Court." We reverse.

Trial court Rule 62–I, insofar as pertinent, provides for "damages for delay" in "real actions." In discussing the meaning of that term in a statute very similar to our rule, the court said in *Sotak v. Sotak*, 438 S.W.2d 490, 491 (Ky.Ct.App.1969):

The intent . . . was to provide a means of compensating an appellee upon an affirmance for the damages suffered between the entry of judgment and its affirmance which otherwise would not have been suffered but for the appeal.

In *Tuteur v. P&E Enterprises, Inc.*, 21 Ohio App.2d 122, 255 N.E.2d 284, 289 (1970), the court stated the standard of relief:

The fair rental value of the premises is deemed the damages that can be recovered when a tenant holds over.

Where real estate is involved, as here, it has been held that "[t]he measure of damages in an appeal bond [proceeding] is generally the value of the use and occupation of the premises, or its fair rental value. . . . However, the fair rental value is not necessarily determined by the amount of rent which was being paid prior to the

judgment, and the trier of fact can determine the fair rental value of the land during the period possession was withheld." *Rhodes v. Sigler*, 44 Ill.App.3d 375, 2 Ill.Dec. 626, 630, 357 N.E.2d 846, 850 (1976) (citation omitted). We consider this reasoning to be sound. It is not a question of whether the landlord had been "equitably compensated" for the use of the premises, as the trial court indicated, but what the fair rental value was for the period involved. As a matter of fact, "equitable compensation" to the landlord might well be equated with "fair rental value" during the period in question.

■ The trial court also ruled that in order to pursue any loss incurred a new action must be filed in the Civil Division of the court.[2] While the Landlord and Tenant Branch engages largely in summary proceedings, this should be no bar to pursuit there of one's remedies under a supersedeas bond. The appropriate rule of this court relating to stays pending appeal provides:

If security is given in the form of a bond or stipulation or other undertaking with one or more sureties, each surety submits himself to the jurisdiction of the Superior Court and irrevocably appoints the Clerk of the Superior Court as his agent upon whom any papers affecting his liability on the bond or undertaking may be served. His liability *may be enforced on motion in the Superior Court without the necessity of an independent action. . .* [D.C.App.R. 8(b); emphasis added.]

The court in *Rhodes v. Sigler, supra,* viewed a similar proposition quite sensibly. The court said that if it were the law that a new action must be instituted "the result could very well be a never ending series of litigation and appeal. Every new action to enforce an appeal bond could itself be appealed with a new appeal bond being issued to stay enforcement of that judgment." *Id.* at 849.

We conclude the trial court should resolve this controversy on the motion for judgment and, in doing so, it should permit the

2. The case was then in the Landlord and Tenant Branch of the trial court.

landlord to establish in a hearing "fair rental value" for the period in question in accordance with this opinion.

*Reversed and remanded for further proceedings.*